HILL ET AL. *v.* SWIHART ET AL.

[No. 18,160.   Filed September 21, 1897.]

SPECIAL FINDINGS.—*Sufficiency Of.*—*Presumptions.*—Presumptions or intendments are not available to support a special finding, but the facts in issue must be stated with reasonable certainty.  *p. 323.*

SAME.—*Sufficiency Of.*—*Presumptions.*—*Liens.*—Where judgment creditors claim that the lien of their judgments are superior to the lien of a mortgage, and the special finding in the case does not disclose in what county or court such judgments were rendered, the Supreme Court will not presume on appeal that the judgments were rendered in the county in which the real estate is situated, and hold same to be liens on such real estate, under section 617, Burns' R. S. 1894 (608, R. S. 1881).  *p. 323.*

EXECUTION SALES.—*Sheriff's Certificate.*—A certificate of purchase, to lands sold at an execution sale, will not pass title to the real estate where no deed has been executed after the lapse of the year allowed for redemption. *pp, 323, 324.*

From the Fulton Circuit Court. *Affirmed.*

*Conner & Rowley* and *Enoch Myers*, for appellants.

*G. W. Holman* and *R. C. Stephenson*, for appellees.

JORDAN, J. —This action was instituted by Mary Swihart, one of the appellees, to foreclose a mortgage against certain real estate therein described, situated in Fulton county, Indiana. The note and mortgage in suit were executed by appellees, John A. and Granville M. Tatman. Appellants, Hill and Lewis, with others, were made parties defendant to the action as alleged judgment lien holders upon the real estate in controversy. Upon the issues joined between the several parties the court made a special finding of the facts, and stated its conclusion of law thereon. By the facts found it appears that the mortgaged premises were originally held and owned by one William Strand by a patent from the United States. In 1877 the land was conveyed by Jacob C. Spohn, who was then the owner thereof, to Peter Smith, the latter executing a mortgage thereon to Spohn to secure certain notes executed by him to Spohn. 'In April, 1881, one Robbins, who held this mortgage, commenced an action in the Fulton Circuit Court to foreclose the same, making John A., Granville, M., and Rebecca Tatman, and Mary Gringrich parties defendant, and they filed answers and cross-complaints in said action; and such proceedings were had therein that the court found that certain amounts of money were due to these parties respectively, and that the same were vendors' liens, and superior to the lien of the mortgage held by

Robbins; and upon decreeing a foreclosure in favor of the latter, it was adjudged that his judgment lien was subject to the several liens held by the aforesaid defendants. In 1882, Smith conveyed by a quitclaim deed an undivided one-tenth of the land in question to Jacob S. Slick. The land having been sold for delinquent taxes, the auditor of Fulton county, on August 6, 1883, executed a tax deed to William M. Tatman. On August 20, 1886, Mary Gringrich, who does not appear to have had any interest or title to the lands in dispute, or claim thereto, save the lien declared in her favor in the action instituted by Robbins, conveyed the land by quitclaim deed to John A. and Granville M. Tatman. In September, 1891, Jacob Slick conveyed the undivided one-tenth of the land in question to William M. Tatman. In February, 1892, William R. R. Tatman, who does not appear to have had any title or interest in the land, conveyed it by quitclaim deed to John A. and Granville M. Tatman. On April 24, 1894, Earl Copeland recovered a judgment against John A. and Granville M. Tatman, which was afterwards assigned to the appellant, Hill. On September 26, 1894, William Levi recovered a judgment against the last mentioned Tatmans, which was assigned to appellant Lewis. On November 20, 1894, one Harding also recovered a judgment against John A. and Granville M. Tatman. Where, or in what court or county, these last mentioned judgments were recovered, the finding does not disclose. The judgment in favor of Robbins in the foreclosure suit remains unsatisfied. In April, 1895, the Tatmans, as stated in the findings, had their judgments "renewed" in a proper proceeding, and an order of sale decreed, and thereunder, on June 2, 1895, the land was sold at sheriff's sale to John A. and Granville M. Tatman, and a certificate of pur-

chase issued to them, which on November 4, 1895, they sold and assigned to the appellees, Holman and Stephenson. The court also found facts upon which it adjudged that the appellee, Mary Swihart, was entitled to be subrogated to all the interest in the lands held by John A. and Granville M. Tatman, and that her mortgage lien was prior to the lien of the judgments held by the defendants. Upon the facts found, the court, in its third conclusion, declared that the sheriff's certificate held by Holman and Stephenson was a prior lien to the judgments held by the defendants Hill, Harding, and Lewis. These latter defendants excepted to this conclusion of the court, but Hill and Lewis are the only parties who appeal.

Their contention is that the lower court erred in its conclusion of law, in holding that the certificate of purchase of appellees, Holman and Stephenson, upon the sheriff's sale of the land under the judgment of the Tatmans recovered in 1881, was a superior or prior lien to the judgment rendered in 1894, against John A. and Granville M. Tatman, and held by these appellants by assignment from the judgment plaintiffs. They insist that the judgment upon which the certificate of purchase to the appellees, Holman and Stephenson, is based, by virtue of the sheriff's sale, was not a lien on the land in dispute at the time their judgments were rendered against John A. and Granville M. Tatman, for the reason that such lien, if any, under section 617, Burns' R. S. 1894 (608, R. S. 1881), had terminated after the expiration of ten years. Appellees, Holman and Stephenson, contend that under the special finding it does not appear that John A. and Granville M. Tatman at the time of the rendition of the judgments, under which the appellants claim to hold their liens, or at any time subsequent to that time, had any title or interest in the land in question, and hence

that the judgments of appellants, for these reasons, can not be deemed or held to be liens upon the real estate in controversy, and therefore they are not harmed by the decision of the court, and are not in an attitude to question the conclusion of law. This contention of the appellees, we are of the opinion, must be sustained. The facts involving the issue for our determination are not stated, as is required in the special finding, with reasonable certainty. Much is left to presumptions or intendments. These are not available in favor of a special finding. *Cleveland, etc., R. W. Co.* v. *Moneyhun,* 146 Ind. 147.

Section 617, *supra,* among other things, provides that all final judgments of the supreme and circuit courts for the recovery of money or costs shall be a lien upon real estate and chattels real, liable to execution in the county where judgment is rendered, etc."

The special finding, as we heretofore said, does not disclose in what county or court the judgments held by the appellants were rendered, and we are left to infer that they were rendered in the circuit court of Fulton county, where the premises are situated, and in order to hold under the facts that the lien of these judgments at any time attached to the land in question, we would be compelled to indulge in presumptions or inferences in favor of appellants, upon whom the burden rests of showing facts in support of their insistence that their judgments were liens upon the real estate in dispute. This, under a well settled rule heretofore mentioned, we are not permitted to do. Again, no facts appear in the finding which disclose any title or interest in the lands held by the judgment debtors, at or subsequent to the rendition of appellants' judgments, to which the liens thereof could attach. The alleged right of the judgment debtors, John A. and Granville M. Tatman, in or to the real estate,

appears to have been founded upon the judgments recovered in 1881, and the certificate of purchase issued to them under the sheriff's sale thereon. This certificate did not operate to pass to them any title to the lands, in the absence of the execution of the sheriff's deed thereon, after the expiration of the year allowed by the statute for redemption. *Shirk* v. *Thomas*, 121 Ind. 147, 16 Am. St. 381, and authorities there cited; *Robertson* v. *Van Cleave*, 129 Ind. 217. Appellants having failed, for the reasons stated, to show by the finding of the court that their judgments were at any time liens upon the land in controversy, are not, in a legal sense, harmed by the action of the court in adjudging their alleged liens subordinate to the lien claimed by appellees, Holman and Stephenson, by virtue of the certificate of purchase, and, therefore, are not in a position to complain of the decision of the trial court.

Judgment affirmed.