## GARRETSON v. GARRETSON ET AL.

[No. 6,415.    Filed May 25, 1909.]

1.  APPEAL.—*Special Findings.—Omissions.—Burden of Proving Defense.—Partition.—Legal and Equitable Interest in Lands.—*In a suit for partition, where the complaint alleged a fee-simple title, and the answer admitted same but set out an equitable title in defendant, such defense must be shown by affirmative special findings in order that the court on appeal may determine the merits thereof, a failure to find the facts set out in the answer constituting a finding that such facts had not been proved.  p. 691.
2.  TRIAL.— *Special Findings.— Inferences.—Intendments.—*Special findings cannot be aided by inferences or intendments.  p. 692.
3.  DESCENT AND DISTRIBUTION.—*Rights of Widow.—Mortgages.—* A widow is entitled to one-third of her deceased husband's real estate, though she joined him in the execution of a mortgage thereon, if the other two-thirds thereof is sufficient to pay the mortgage debt.  p. 692.
4.  TRIAL.—*Special Findings.—Title.—Descent and Distribution.—* Special findings showing that decedent died intestate, the owner of mortgaged real estate, leaving as his heirs a widow, three sons and a daughter, that two sons conveyed their interests to the mother, that the mother died testate devising her real estate to the other son, and that the daughter died intestate leaving the three sons as her only heirs, do not support a claim that the widow became the legal owner of a one-third interest subject to the payment of the residue of the mortgage after applying the other two-thirds to the liquidation thereof, and that therefore such daughter had no beneficial interest.  p. 692.
5.  TRIAL.— *Special Findings.— Erroneous Calculations.—* Special findings showing that the value of certain real estate is $6,400, that appellant received as rent $3,520, and that he is entitled to credits in the sum of $4,717, require a credit in his favor of $1,197.  p. 693.
6.  PARTITION.— *Value of Lands.— Liens.— Decrees.— Interests.—* Where plaintiffs are the legal owners of interests in lands which cannot be divided, a decree in partition should not value such interests and provide that defendant upon payment thereof should become the owner thereof, but should direct a sale.  p. 693.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Suit by John Garretson and another against James S. Garretson. From a decree for plaintiffs, defendant appeals. *Reversed.*

*M. L. Spencer, W. A. Branyan* and *W. D. Hamer,* for appellant.

*Fred H. Bowers* and *Milo N. Feightner,* for appellees.

HADLEY, C. J.—This was a suit by appellees John and Charles Garretson against appellant for partition. The complaint is in two paragraphs—the first, in the usual form, and averring that the estate cannot be divided without damage to the owners, the second, for a partition and accounting on the part of appellant for the rents and profits. To this complaint appellant averred by way of answer, that while said appellees had the legal title to ten fifty-fourths of the land, they have no beneficial interest in said real estate, for the reason that the ancestor, Gideon Garretson, prior to, and at his death on March 1, 1880, was the owner of said real estate and other lands in said county; that he died intestate on March 1, leaving surviving as his heirs at law his widow and his children, appellant and appellees herein, and a daughter, Margaret; that said Gideon Garretson prior to his death had executed certain bonds and mortgages, and pledged all of his real estate to the payment of the same; that at the death of said Gideon Garretson his entire estate was not of sufficient value, if it had all been converted into money, to pay the debts aforesaid without subjecting to sale the interest of the widow. There are other averments in the answer which is quite voluminous, but for the purpose of this case it is unnecessary more fully to set them out than we have done.

The questions presented are upon exceptions to the conclusions of law stated upon a special finding of facts made by the court. The finding of facts shows that Gideon Garretson in his lifetime was the owner of the eighty acres of

land described in the complaint; that he and his wife, Sarah A. Garretson, executed a mortgage on said real estate to the Citizens State Bank, one of the appellees herein; that afterwards said Gideon Garretson died intestate, the owner of said real estate, and leaving as his only heirs at law his wife, Sarah A. Garretson, his daughter, Margaret Garretson, and his three sons, John, Charles and James Garretson; that, soon after the death of said Gideon, John and Charles conveyed the interest in said land that they had inherited from their father to their mother, and their brother James and sister Margaret; that thereafter the mother, Sarah Garretson, died testate, and by the terms of her will devised her interest in said real estate to her said son James, who still held the interests before acquired; that thereafter, on September 15, 1895, said Margaret Garretson died, the owner in fee simple of the undivided fifteen fifty-fourths of the real estate described in the complaint; that she left surviving her as her only heirs at law appellant, James Garretson, and appellees John and Charles Garretson, who are her brothers; that appellant was, on September 15, 1895, the owner of the undivided thirty-nine fifty-fourths of said real estate; that said appellant was in the absolute and exclusive possession of the whole of said real estate prior to the death of Margaret Garretson, and since said day until the present time, and has received all the rents and profits therefrom; that the reasonable rental value of said real estate for said time is $3,520; that said appellant paid out, and for which amount he is entitled to credit, interest on the mortgage on said real estate amounting to $2,540, on the principal of said mortgage, $500, for necessary and valuable improvements on said real estate, $1,200, and taxes on said real estate, $477; that there is a valid existing mortgage on said real estate in favor of appellee Citizens State Bank in the sum of $3,300, with interest at six per cent from June 1, 1906; that the whole of said real estate is of the reasonable value of $6,400.

The court then proceeds to find the respective interest of

each party and finds that the amount of said mortgage, together with the sum of $221, the amount with which appellant should be credited, as excess paid out over the amount received as rents, making a total amount of $3,521, should be charged against said land, which amount should be deducted from the value of the land and the residue be distributed, forty-four fifty-fourths to appellant, James Garretson, and ten fifty-fourths to appellees John and Charles Garretson. The court also finds that the estate cannot be divided and the shares set off without damage to the owner. As conclusions of law, the court stated that appellees John and Charles Garretson are the owners of the undivided ten fifty-fourths of said real estate; that the mortgage of appellee Citizens State Bank is a first lien on said real estate; that appellees John and Charles are entitled to hold a lien on said real estate for their interest in the sum of $533.14; that appellant be given sixty days within which to pay said lien and retain said land, and on failure to do so that said real estate be sold by a commissioner, and the proceeds, after payment of costs and expenses, and the payment of said mortgage, and the payment to appellant of the sum of $221, be divided, giving appellees John and Charles Garretson five fifty-fourths each, and appellant, James Garretson, the remaining forty-four fifty-fourths.

Appellant presents two questions for our consideration: (1) That, at the time of the death of Gideon Garretson, there was a mortgage on the land sufficient to exhaust two-thirds thereof, and that since the widow was entitled to receive one-third thereof free from the mortgage, after deducting this one-third interest, nothing would remain for the other heirs, and since said widow devised all of her interest to appellant, he therefore took the whole of the equity in the land, and Margaret had no beneficial interest in the land at the time of her death, and consequently appellees John and Charles inherited nothing but a bare legal title, and have no beneficial interest therein. (2) That, in deter-

mining the amount of the charges on said land and the value of appellees' interest in the same, the court made an error in computing the amount of credits appellant should be given. It is unnecessary for us to decide the first question, since the special finding is insufficient to present it. The complaint avers a fee-simple interest in said land in appellees John and Charles Garretson. The answer admits the legal title in said appellees in said land to the extent averred in the complaint, but seeks to show that while said appellees have the legal title, they, in fact, have no beneficial interest. The burden was upon appellant to prove this affirmative matter set up in his answer, but the finding of facts fails to show that this affirmative matter was proved. It therefore must stand as a finding against the party having the burden, the appellant in this case. *Bell* v. *Corbin* (1894), 136 Ind. 269; *Vannoy* v. *Duprez* (1880), 72 Ind. 26.

We cannot aid a special finding with inferences or intendments. *Bradway* v. *Groenendyke* (1899), 153 Ind. 508; *Hill* v. *Swihart* (1897), 148 Ind. 319. If we were permitted to speculate, we might conclude that, since the ancestor died seized of other lands upon which the mortgage here discussed was a lien, in the adjustment of the estate the widow obtained her one-third from such other lands. It is clear from the findings that she did not select it from the land in question. We do not controvert the proposition of appellant, and cases cited in support thereof, that the widow is entitled to one-third of her husband's real estate, free from her husband's debts and even of a mortgage in which she has joined, if the two-thirds is sufficient to satisfy it; but the court finds specifically that Margaret Garretson died the owner of fifteen fifty-fourths of the land, leaving appellant and appellees John and Charles, her brothers, as her only heirs, and that they took this interest subject only to its proportion of the mortgage. This finding is unquestioned and undisputed. The court does not find whence she derived her title, or that

all the interest she had was what she inherited from her father and received by conveyance from her brothers John and Charles. Neither does the court find that the mother died owning one-third of the land, and that this interest passed to appellant by her will. The court only finds that whatever interest she owned at the time of her death went to appellant under her will. From the facts thus found, in the absence of other objections, we cannot say that said findings show that the mother became vested with one-third of said real estate, subject only to the residue of the mortgage unpaid after the other two-thirds had been applied to its liquidation, by virtue of her widow's rights, and that Margaret, at the time of her death, had only a bare legal title to fifteen fifty-fourths, and no beneficial interest whatever.

As to the second question, it appears that the court did commit an error in calculating the value of the interest of appellees John and Charles. By the special findings 5. it is shown that the value of the land is $6,400; that appellant has received as rents $3,520; that he is entitled to credits for money expended on the land in principal and interest on the mortgage, improvements, and taxes, $4,717, leaving an excess of credits chargeable to the land of $1,197, instead of $221 as found by the court. Adding to this the amount of the mortgage, which is found to be $3,300, makes a total of charges against the land of $4,497, instead of $3,521 as stated.

The court, in order to avoid a sale of said real estate, sought to determine the value of the interests of appellees in said land. In so doing, by reason of the miscalculation 6. tion before shown, he found the value of said interests to be $533.14, where, by proper calculation, the amount would be $352.50. It is urged as an objection that conclusions four and five state that said sum of $533.14, representing appellees' interests, is a lien upon said real estate, and that appellant be given sixty days within which to pay said lien and retain said land, and on his failure to do so

said real estate be sold and the proceeds divided as hereinbefore set out. The decree entered upon said conclusions conforms thereto. Aside from the error in amount, this order is an invalid one, since appellees have more than a lien on the land. They each have title in fee simple to five fifty-fourths of it, subject only to the charges stated, and the only way they can be divested of title is by sale under order of court, or by their conveyance. The court has considerable latitude in the form of order for partition, where, as here, there are charges against the land, and one party holds a large proportion of the interests, and the land is indivisible; but, in making such order, it should be drawn so as to be effective in making a good title in the purchaser or holder. The order here made does not provide for the conveyance of the interests of appellees to appellant, if he should elect to pay the value thereof to appellees, as found by the court, or in any manner stipulate how their interests shall become vested in appellant.

The conclusions of law and decree thereon specified that in the event appellant failed to pay the sums before described to appellees within sixty days, then the lands should be sold by a commission and the proceeds divided as follows: (1) To the payment of the costs of this proceeding; (2) to the satisfaction of the mortgage to the Citizens State Bank; (3) to the payment to James Garretson of the sum of $221; (4) the remainder to be divided, giving appellees each five fifty-fourths and the remaining forty-four fifty-fourths to James Garretson. As we have shown, the land is chargeable with $1,197 due to appellant as excess of expenditures over receipts, and therefore the third specification is erroneous, as to the amount that should be paid appellant out of the proceeds, the amount to be paid James being $1,197 instead of $221. The decree of the court should therefore, in substance, be that the land should be sold by a commissioner, and the proceeds remaining, after the payment of costs and expenses, the amount of the mortgage to the Citizens State Bank and

$1,197 to appellant, distributed, five fifty-fourths to each of the appellees John and Charles, and forty-four fifty-fourths to appellant.

The decree is reversed, with instructions to restate the conclusions of law and enter a decree in accordance with this opinion.