## MARKER *v.* TOWN OF ANDREWS.

[No. 7,864. Filed March 28, 1913.]

1. APPEAL.—*Review.—Special Findings.—Sufficiency.—Description of Real Estate.*—The special findings of the court in a proceeding to disannex certain lands from a town, in which a portion of petitioner's land was so erroneously described as to render the same impossible of location, are insufficient to support the conclusions of law and the judgment rendered thereon that a portion of petitioner's land be disannexed and refusing disannexation as to the remainder. p. 181.

2. TRIAL.—*Special Findings.—Sufficiency of Real Estate Descriptions.*—The rule that a description of real estate is insufficient, if an officer is unable to locate the land without the exercise of an arbitrary discretion, is applicable to the description of land in a special finding of facts rendered by the court. p. 183.

3. APPEAL.—*Review.—Special Findings.—Inferences.*—The court on appeal cannot indulge in inferences to aid special findings of fact. p. 183.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Petition by George Marker and others against the Town of Andrews, to disannex certain lands. From an adverse judgment, George Marker appeals. *Reversed.*

*Fred H. Bowers* and *Milo Feightner,* for appellant.
*George H. Young,* for appellee.

SHEA, J.—This was an action by appellant George Marker, together with C. R. Reiman and Max P. Morris, for the disannexation of certain tracts of land owned by them severally, situate within the corporate limits of the town of Andrews, described in a petition filed with the board of trustees of said town. A remonstrance was filed by certain taxpayers praying that the petition be not granted. The town board decided adversely to petitioners. The cause was appealed to the circuit court, where there was a trial on the issues formed before the town board on the petition and remon-

strance. On proper request, the facts were specially found, and conclusions of law stated thereon by the court. Appellant filed a motion for a new trial assigning as reasons in support thereof that the finding of the court is not sustained by sufficient evidence and is contrary to law (stated in various ways), also that special finding No. 10 is not sustained by sufficient evidence and is contrary to law, which motion was overruled. In the conclusions of law the court specially found that the lands of petitioners C. R. Reiman and Max P. Morris should be disannexed from the corporation subject to certain accrued taxes. In conclusion of law No. 4 the court found that the lands of George Marker, except the lands described in finding No. 10, should be disannexed from the corporation subject to certain corporation taxes, and judgment was rendered accordingly. Appellant assigns as errors in this court: (1) Overruling of his motion for a new trial; (2) the court erred in its conclusions of law on the findings. Finding No. 1 describes the land of George P. Marker as follows: "The court finds that the petitioner, George Marker, is the owner of real estate as set out in the petition of said Marker and as described in the plat submitted with the petitioners' petition, and which said real estate is further more particularly described as follows, to wit:—The following real estate in Huntington County and State of Indiana, to-wit:—Being a part of Reserve No. 34, in Township 28 North Range 8 East, Commencing at a point on the line between Reserve 33 and 34 at the Northeast corner of the land of James Frame, on said line; thence running West to Loon Creek; thence down said Loon Creek in a Northeasterly direction, following the meanderings of said Loon Creek until it intersects the South line of the lands of M. and C. E. Knee; thence running East to the line dividing Reserve 33 and 34; thence running South on said line to the place of beginning, containing 53 Acres, more or less." Finding No. 10 reads as follows: "That

the following described portion of the real estate of the petitioner George Marker, which real estate is described in Finding of Fact No. 1, is benefited by the improvements of the said corporate town of Andrews and is needed for the progress and development of the said corporate town of Andrews, to wit:—A strip of land along the East side of the said lands belonging to the said George Marker, which said strip of land is described as follows, to wit:—Beginning at the Southeast corner of the real estate of the said petitioner George Marker, as described in Finding No. 1, and running thence West to the West line of the highway, and thence Northward along the West line of said highway to the North line of said real estate; thence Westward on the North line of said real state 278 feet; thence southward on a line parallel with the said East line to the South line of the said real estate; thence Eastward on said South line 278 feet to the place of beginning.'' This finding contains what purports to be a description of land excepted in conclusion of law No. 4, and attempts to describe a tract of land which should be retained within the corporate limits of the town of Andrews. Conclusion of law No. 4 reads as follows: ''4th. That the lands of the petitioner George Marker, except the lands described in Finding No. 10, should be disannexed from said corporation, subject to the corporation tax of said town thereon for 1909 and previous years.''

The description set out in special finding of fact No. 10 is wholly and completely defective, and does not describe a strip of land along the east side of the lands of George Marker as set out in special finding No. 1.

It is impossible for the court to determine from this description the location of the tract excepted in conclusion of law No. 4. The special findings of fact do not mention a public highway except as set out in finding No. 10. Appellant's testimony shows that his land was on the west side of the public highway leading north and south to an interur-

ban station in the town of Andrews.    The following plat
introduced in evidence shows Main Street on the east side
of appellant's land.

There is no evidence to show there was any other high-
way in or across said tract of land, yet special finding No.
10 states that the beginning point of the description is "the
southeast corner of appellant's land", which must, of neces-
sity be upon the west side of the public highway—running
thence *"west to the west line of the highway"*—no distance
given—thence "northward along the west line of said high-

way," etc. The rule with respect to the sufficiency
2. of real estate descriptions must apply to cases of this
character. In the case of *Diamond Plate Glass Co.*
v. *Tennell* (1899), 22 Ind. App. 132, 52 N. E. 168, it is said:
"In such cases, if an officer is unable to locate the land
without the exercise of an arbitrary discretion, the descrip-
tion is insufficient. *College Corner, etc., Co.* v. *Moss* [1883],
92 Ind. 119; *Miller* v. *Campbell* [1875], 52 Ind. 125." The
evidence probably would have warranted the trial court in
finding that a strip of land 278 feet wide on the east side of
the fifty-acre tract described in special finding No. 1 should
not be disannexed, but the facts as found do not warrant
this court in so holding. This court is not permitted
3. to indulge in inferences to supply material points
omitted in special findings of fact. *Donaldson* v. *State,*
*ex rel.* (1906), 167 Ind. 553, 78 N. E. 182; *Cleveland, etc., R.*
*Co.* v. *Moneyhun* (1896), 146 Ind. 147, 44 N. E. 1106, 34 L.
R. A. 141, and cases cited; *Craig* v. *Bennett* (1897), 146 Ind.
574, 575, 45 N. E. 792, and cases cited; *Crowder* v. *Riggs*
(1899), 153 Ind. 158, 162, 53 N. E. 1019; *Broadway* v.
*Groenendyke* (1899), 153 Ind. 508, 512, 55 N. E. 434; *Citi-*
*zens State Bank* v. *Julian* (1900), 153 Ind. 655, 676, 55 N.
E. 1007; *Erwin* v. *Central Union Tel. Co.* (1897), 148 Ind.
365, 371, 46 N. E. 667, 47 N. E. 663; *Hill* v. *Swihart* (1897),
148 Ind. 319, 323, 47 N. E. 705; *Archibald* v. *Long* (1896),
144 Ind. 451, 454, 455, 43 N. E. 439; *Brunson* v. *Henry*
(1898), 152 Ind. 310, 314, 52 N. E. 407.

The ends of justice can be best subserved by reversing
the judgment in this cause with instructions to the lower
court to sustain the motion for a new trial.

Ibach, C. J., Felt, P. J., Hottel, Adams, JJ., concur, Lairy,
J., dissents.

## DISSENTING OPINION.

LAIRY, J.—From the prevailing opinion in this case, I understand that the judgment of the trial court is reversed upon the sole ground that the description of the real estate contained in finding No. 10, is so imperfect, uncertain and indefinite that no judgment could be based thereon. No motion for a *venire de novo* was filed and the only errors assigned are, that the court erred in its conclusions of law based upon the findings, and that it erred in overruling appellant's motion for a new trial. By conclusion of law No. 4, the court stated as a matter of law that all of the lands of George Marker should be disannexed except that described in finding No. 10 and the judgment was entered accordingly.

Finding No. 10 is set out in the prevailing opinion and we refer to the description of the land excepted as therein contained. The location of the highway referred to therein is not shown in the finding. If it is located along the east line of the lands described as indicated in the prevailing opinion, and if the east line of appellant's land is the middle of the highway, the description set out in finding No. 10 is certainly sufficiently definite to enable a surveyor to locate the land intended. When considered in the light of this fact, the place of beginning would be in the middle of the highway at the southeast corner of appellant's land. The line set out in finding No. 10 as bounding the land in question begins at this point and runs thence west to the west side of the highway, thence north along the west line of the highway to the north line of the real estate, thence west 278 feet, thence south to the south line of said real estate, thence east to the place of beginning. The land thus bounded would include a strip of the uniform width of 278 feet off the east side of the lands of appellant lying immediately west of the highway.

I am of the opinion that the lands were sufficiently described and that the judgment is not void for uncertainty. I can not, therefore, concur in the prevailing opinion.

NOTE.—Reported in 101 N. E. 335, 446. See, also, under (3) 38 Cyc. 1977, 1978.