## LIVENGOOD ET AL. v. CITY OF COVINGTON.

[No. 24,142. Filed June 11, 1924.]

1. MUNICIPAL CORPORATIONS.—*Disannexation of Land.*—*Judicial Action.*—*Appeal May be Taken.*—While the annexation to or disannexation of territory from a city is a legislative act, the proceedings had upon a petition to annex or disannex certain lands are of a judicial nature, and the common council or other body, in passing upon the sufficiency of the petition and the reasons given for annexation or disannexation, acts in a judicial capacity, and an appeal from its decision may be taken. p: 641.

2. STATUTES.—*Constitutionality.*—*Disannexation of Land from Cities.*—*Appeal.*—*Statute.*—Section 8917 Burns 1914, Acts 1907 p. 617, §10, authorizing an appeal from the decision of a board of works or common council as to the disannexation of lands from cities does not violate article 3 of the Constitution (§96 Burns 1914) dividing the powers of the state government into three departments and limiting the powers of each department, as the provision of the Constitution does not apply to municipal government and its officers. p. 643.

3. MUNICIPAL CORPORATIONS.—*Disannexation of Territory.*—*Validity.*—The statute providing for the disannexation of territory from cities (§§8913-8918 Burns 1914, Acts 1907 p. 617) is not invalid because of indefiniteness and uncertainty in not prescribing what would be sufficient to justify the court in making an order for disannexation, as that is left to the sound legal discretion of the tribuntal acting upon the petition. p. 644.

4. MUNICIPAL CORPORATION.—*Disannexation of Territory.*—*Facts Authorizing.*—In a proceeding to have certain lands disannexed from a city, finding of facts *held* sufficient to make it the duty of the court to order the territory disannexed. p. 645.

From Fountain Circuit Court; *O. B. Ratcliff*, Judge.

Proceedings by Ora M. Livengood and others to disannex certain lands from the city of Covington. From an order dismissing the proceedings, the petitioners appeal. *Reversed.*

*Forrest E. Livengood* and *Valentine E. Livengood*, for appellants.

*Claude B. Philpott*, for appellee.

WILLOUGHBY, J.—This was a proceeding to disannex certain lands lying in the city of Covington, Indiana. The case was commenced by petition to the city council of the city of Covington. Proper notice was given of the pendency of the proceedings and the council, after a hearing, refused to grant the prayer of the petitioners and adjudged that the territory be not disannexed.

The petitioners appealed to the Fountain Circuit Court. The city filed an answer of general denial. The cause was tried by the judge without a jury. Both parties made a written request for a special finding of facts and conclusions of law.

The proceedings were brought under the act of 1907, Acts 1907 p. 617, providing for the disannexation of lands from a city or town, being §§8913-8918 Burns 1914.

The court found the facts as follows:

"The petitioners, Ora M. Livengood and Gusta Livengood, his wife, and V. E. Livengood, on the 2nd day of September, 1921, filed with the city clerk of the city of Covington, Indiana, a petition to disannex certain lands therein described from said city, which said petition is in the words and figures as follows, to wit:—'State of Indiana, Fountain County SS: To The Common Council Of The City of Covington, Indiana:—The undersigned, owners of certain contiguous lands, within the corporate limits of said city, constituting many acres of unplatted lands, as shall hereafter appear more fully,

more than one boundary of which is the corporate line of said city and by authorization of and under section 8914 of the Revision of Burns' Annotated Indiana Statutes of 1914, and sections following, hereby respectfully represent that they desire to disannex and have disannexed, said certain lands, specifically described below, now being and constituting part of said city and subject to municipal control of its officers and which has been an incorporated city for more than twenty years last past. That a plat of said lands sought to be disannexed is to be made a part of this petition and to be filed herewith. That said certain contiguous lands sought herein to be disannexed are described as follows: (1) All that part of the East half of the Southeast quarter of section 36, Township 20 North, Range 9 West that lies north of the center line of the Covington and Crawfordsville State Road, except nineteen and fifty-nine (19.59) hundredths acres, described as follows, to wit: Commencing at the Northeast corner of the Southeast quarter of section 36, Township 20 North, Range 9 West, thence South 37 rods, thence South eighty-five (85) degrees West forty-four (44) rods, thence West 36 rods; thence North 40 rods; thence East eighty rods to the place of beginning, containing after said exception, forty-eight and forty-one hundredths (48.41) acres, more or less, in Fountain County, Indiana, (and owned by Ora M. Livengood and Gusta Livengood, his wife, two of the undersigned). (2) All that part of the West half of the Southwest quarter of the south half of the Southeast quarter of said Southeast quarter of section 36, Township 20 North, Range 9 West lying South of the center line of the Covington and Crawfordsville State Road, excepting twenty-three and one-half acres of equal and even width off of and from the West side of said tract of land, containing after said exception, twenty-six and one-half acres,

more or less, in Fountain County, Indiana, (and owned by V. E. Livengood, one of the undersigned). That said owners are the petitioners herein, whose names shall appear and do appear after the prayer of this petition. And said owners desire that said lands be disannexed for the following reasons to wit:— (1) That their said real estate is farm lands and used for farming and pasturing purposes and no other; although it is and has been liable for city taxes in said city. (2) That city taxes are assessed against said owners and said real estate, but none of the city benefits or protection have been received by said owners. (3) That there is no prospect of said owners hereafter receiving any protection or benefits from said city taxes. (4) That there is no prospect for said real estate being platted or occupied by streets and alleys or used for city purposes. (5) That the cost for said city to furnish water, lights, roads and the maintenance thereof, and other city conveniences and protection to said premises and the owners thereof, would far exceed the taxes assessed and paid upon said premises. That because of the foregoing, said tracts of land ought to be disannexed. WHEREFORE, your petitioners pray that said two tracts as hereinbefore described be declared to be disannexed from said city of Covington, and for all other proper relief. Ora M. Livengood, Gusta Livengood, V. E. Livengood.' And on October 10, 1921, said petitioners asked that notice be given of the filing and pendency of such petition and such notice was given in two weekly newspapers representing the two political parties casting the highest number of votes at the last preceding general election, printed and published and of general circulation in the city of Covington, and proof of such notice was thereupon duly made. That no remonstrances against the granting of said petition were ever filed. And pursuant to such notice, the mat-

ter was considered and continued from time to time until November 14, 1921, when said petitioners presented said petition to the common council of said city, all members of the board being present in open legal session, and said common council denied said petition for the disannexation of the lands therein described, and entered a finding against the petition of said petitioners that the reasons for disannexation set forth therein are deemed insufficient by the council for the disannexation of said lands from said city, and entered an order as follows: 'It is therefore considered, ordered, and adjudged that the prayer of said petitioners be and the same is hereby refused, and the territory be not disannexed.' Whereupon the petitioners prayed an appeal to the Fountain Circuit Court and filed bond therefor in the sum of $500 to the approval of the clerk of the city, with solvent surety, freehold and resident, in said county where said lands are situate, conditioned for the due prosecution of said appeal and the payment of all costs accruing or to accrue against said appealing party or parties; and a transcript of such proceedings was duly made and certified to said Fountain Circuit Court and therein filed on the 29th day of December, 1921. That said cause came on for trial on the 38th day of January term 1922, of said court, the same being the 14th day of February, 1922, and was submitted to the court for hearing without the intervention of a jury, with a request by all parties for a special finding therein. The court further finds that the petitioners, Ora M. Livengood, and Gusta Livengood, his wife, are owners of the following described lands situate in said city as follows, to wit: All that part of the east half of the southeast quarter of section 36, Township 20 North, Range 9 west, that lies north of the center line of the Covington and Crawfordsville State Road, except nineteen and fifty-nine (19.59) hundredths acres, described

as follows:—Commencing at the northeast corner of the southeast quarter of section 36, Township 20 North, Range 9 west, thence South 37 rods, thence South eighty-five (85) degrees West forty-four rods, thence West 36 rods, thence North 40 rods, thence eighty (80) rods to the place of beginning, containing after said exception, forty-eight and forty-one (48.41) hundredths acres, more or less, in Fountain County, Indiana. That the petitioner, V. E. Livengood, is the owner of the following described land situate in said city as follows, to wit:—All that part of the West half of the Southeast quarter of the South half of the Southeast quarter of said Southeast quarter of section 36, Township 20 North, Range 9 West, lying South of the center line of the Covington and Crawfordsville State Road, excepting twenty-three and one half (23½) acres of even and equal width off of and from the West side of said tract of land, containing after said exception, twenty-six and one half (26½) acres, more or less, in Fountain County, Indiana. And that each tract of said real estate is contiguous, unplatted lands consisting of one acre and more, and one boundary of each of which is the corporate line of said city. That said petition sets forth, with and as a part of said petition, a sufficient plat of the said lands so sought to be disannexed. That said petition sets forth the substance of the matter and things at issue and designates the property affected by the proceedings. The court further finds, First, that said real estate is farm land and used for farming and pasturing purposes, and no other, although it is and has been liable for city taxes in said city. Second, that city taxes are assessed against said owners and said real estate, but none of the city benefits or protections have been received by said owners. Third, that there is no prospect of said owners hereafter receiving any protection or benefits from said city taxes. Fourth, that

there is no prospect for said real estate being platted or occupied by streets and alleys or used for city purposes. Fifth, that the cost for said city to furnish light, water, roads and maintenance thereof, and other city conveniences and protection to said premises and the owners thereof, would and do far exceed the taxes assessed and paid upon said premises, and said city at this time would be financially benefited by the disannexation as prayed. And the court further finds that if the existence of the foregoing facts are sufficient under the law to justify the Court in ordering a disannexation, that said territory should be disannexed as prayed."

Conclusions of law. And, upon the foregoing finding of facts, the court states conclusions of law as follows, to wit: "That although the statute prescribed that the petition shall set forth the substance of the matters and things in issue, it fails to prescribe what those things shall be, and furnishes no guide for the court to determine what shall be sufficient to justify the court in making an order for such disannexation. That the determination of what shall be sufficient is legislative and not judicial, and for such reasons, the court has no jurisdiction to determine the merits of this cause and make an order in the case for the disannexation of said territory when the city council have, by virtue of their legislative powers, refused to disannex, and that this appeal should be dismissed for want of jurisdiction." Exceptions were properly taken to each conclusion of law.

After the finding of facts and conclusions of law were filed, the city of Covington, by its attorney, made a motion to dismiss the proceedings for want of jurisdiction, basing such motion upon the contention that the clause in §10 of the act of 1907, Acts 1907 p. 617, being §8917 Burns 1914, reading as follows: "An appeal will lie from the decision of any board to the circuit court of

the county where any of the lots or lands affected lie, whereupon said matter shall be tried *de novo* with like proceedings as other civil actions," is unconstitutional and is in contravention of Art. 3 of the Constitution of Indiana, which provides as follows: "The powers of the government, are divided into three separate departments; the legislative, the executive, including the administrative, and the judicial; and no person charged with official duties under one of these departments shall exercise any of the functions of another, except as in this constitution expressly provided." §96 Burns 1914.

The appellant moved to strike out this motion but the court ignored appellant's motion to strike out and sustained the motion of the city of Covington and dismissed the proceedings for want of jurisdiction.

In the record under date of March 1, 1922, we find the following entry: "And now come the parties by counsel, and the court having heretofore filed in this case its special finding of facts and stated its conclusions of law and the same having been duly entered of record, the court sustains the motion of defendant, city of Covington, to dismiss the petition for the grounds therein alleged and dismisses the petition." The court then rendered judgment that the petitioners take nothing by this action and that the defendant city recover of the petitioners its costs.

From this judgment, appellants appeal. The only question presented by the appeal arises upon the exceptions to the conclusions of law. The only conclusion of law stated by the court is that the court has no jurisdiction to make an order in the case for the disannexation of said territory because the city council have by virtue of their legislative power refused to disannex.

The appellee contends that there can be no appeal from the action of the city council in refusing to disannex the property for the reason that the city council,

in acting upon the petition to disannex, acted as a legislative body and that all its acts relating to said petition were legislative, and any law providing for an appeal to a judicial tribunal would be in violation of Art. 3 of the Constitution of Indiana. The trial court adopted this view of the law.

In *Forsythe* v. *City of Hammond* (1895), 142 Ind. 505, 516, 30 L. R. A. 576, which was a proceeding to annex certain unplatted territory to the city of Hammond, on petition for rehearing, the court said: "It may be conceded that annexation of territory to a city is a legislative function. This function is exercised by the common council when it resolves to annex certain described lands to the city and to present a petition therefor to the county board. It must be admitted, however, as we think, that the after proceedings had upon the petition are of a judicial nature. The petition must give the reasons why, in the opinion of the council, the annexation should take place. The sufficiency of such reasons, and whether they in fact exist, calls for the decision of the tribunal appointed to hear the petition. * * * Whether the proper preliminary steps have been taken, whether the reasons given in the petition are true, and are sufficient, seem to be questions calling for a judicial examination and decision."

It has been held that the annexation or disannexation of territory to a city is a legislative function. This function is exercised by the common council when it resolves to annex or disannex certain lands. The proceedings had upon the petition are of a judicial nature and the petition must give reasons why the annexation should take place. In passing upon the sufficiency of these reasons, the common council exercises a judicial function; it acts in a judicial capacity and an appeal therefrom may be taken. See:

*Paul* v. *Town of Walkerton* (1898), 150 Ind. 565; *Patterson* v. *Town of Ft. Branch* (1916), 62 Ind. App. 333; *Forsythe* v. *City of Hammond, supra;* *Windfall Mfg. Co.* v. *Emery* (1895), 142 Ind. 456; *Board, etc.,* v. *Conner* (1900), 155 Ind. 484; 28 Cyc 184-215; *McCoy* v. *Board, etc.* (1903), 31 Ind. App. 331; *Meek* v. *State, ex rel.* (1909), 172 Ind. 654; *Marker* v. *Town of Andrews* (1913), 53 Ind. App. 179; *Town of Windfall City* v. *State, ex rel.* (1909), 172 Ind. 302.

In *Meek* v. *State, ex rel., supra,* which was a proceeding to disannex territory, it was held that the petitioners have a right of appeal and of a trial *de novo* in the circuit court.

Section 8914 Burns 1914, *supra,* describes the proceedings in case the owner or owners of any contiguous lands within the corporate limits of any city or town desire to have their lands disannexed. Section 8916 Burns 1914, *supra,* provides for the giving of notice. Section 8917 Burns 1914, *supra,* provides for the hearing upon the petition filed under the provisions of section 8914 Burns 1914, *supra.*

Section 8917 Burns 1914, *supra,* reads as follows: "When authority is herein given to and conferred upon the board of public works or common council of any city or board of trustees of any town, to hear and determine any matter, such board or council shall have the power to call witnesses by subpoena to appear before it, to punish for a contempt of its authority, and to adjourn its hearings from time to time as to said board or council may seem expedient. An appeal will lie from the decision of any board to the circuit court of the county where any of the lots or lands affected lie, whereupon said matters shall be tried *de novo* with like proceedings as other civil actions. The party or parties appealing to the circuit court under this act shall give bond with solvent surety, freehold, and resident in the

county where any such lots or lands are situate, to the clerk of the city or town from whose board or council the appeal is prosecuted, to be approved by such clerk, conditioned for the due prosecution of such appeal and the payment of all costs accrued or to accrue against such appealing party or parties, in such sum as such clerk shall deem adequate. Upon the giving and approval of such bond it shall be the duty of the clerk of such city or town forthwith to make a correct transcript of all proceedings in such cause and to certify the same, together with all papers in the proceeding, to the clerk of the court to which such appeal is prosecuted. Appeals will lie, as in all civil cases, to the appellate and supreme courts."

This section provides for an appeal from the action of the city council to the circuit court and a trial *de novo* upon the issues. It confers upon the city

2. council the authority to determine the matters and things stated in the petition for disannexation judicially. The appellee argues that this cannot be done because it would be a violation of Art. 3 of the Constitution of Indiana. The appellee is in error.

In *Baltimore, etc., R. Co.* v. *Town of Whiting* (1903), 161 Ind. 228, this court held that this provision of the constitution relates solely to the state government and officers and their duties under one of the separate departments of the state and not to municipal government and officers. The executive and administrative duties of the mayors of cities and clerks of towns or cities are not such as come within the executive and administrative departments of the state government.

In *State, ex rel.,* v. *Kirk* (1873), 44 Ind. 401, at 406, (15 Am. Rep. 239) this court said: "The office of councilman is an office purely and wholly municipal in its character. He has no duties to perform under the general laws of the State. The State has enacted a law

applicable to all cities which may organize under it. The inhabitants of the particular locality, after having taken the other necessary steps for an organization, elect the designated number of councilmen, who have the power to enact by-laws, and do such other acts and perform such other duties as pertain to their office in the municipality. These powers and duties of councilmen are beyond and in addition to any acts, powers and duties performed by officers provided for under the state government."

In its conclusions of law, the court states that, "although the statute prescribed that the petition shall set forth the substance of matters and things in issue, it fails to prescribe what those things shall be and furnishes no guide for the court to determine what shall be sufficient to justify the court in making an order for disannexation." In other words, the trial court proceeded upon the theory that the statute was invalid on the ground of indefiniteness and uncertainty. In this, the trial court erred.

In *Elston* v. *Board of Trustees of Crawfordsville* (1863), 20 Ind. 272, it was held that a statute which provided that: "when any town, shall desire to annex contiguous territory thereto, not platted or recorded, the Trustees shall present to the Board of County Commissioners a petition setting forth the reasons for such annexation, and shall accompany the same with a map or plat, accurately describing by metes and bounds the territory proposed to be attached, * * *", was not void for uncertainty. A proceeding based on this section of statute was attacked for the reason, as was alleged, that it was vague, indefinite, and conferred no right to proceed under it. The court held otherwise.

Section 3196 R. S. 1881, Acts 1867 p. 33, provided, among other things, that: "If any city shall desire to annex contiguous territory not laid off in lots, and to

the annexation of which the owner will not consent, the Common Council shall present to the Board of County Commissioners a petition setting forth the reasons for such annexation, and, at the same time, present to such Board an accurate description, by metes and bounds, accompanied with a plat of the land or territory proposed or desired to be annexed to such city." This section provides for the giving of notice of such petition.

This section was held valid in *Catterlin* v. *City of Frankfort* (1882), 87 Ind. 45. In that case the court said: "the sufficiency of reasons for annexation stated in such petition must be left to the tribunal acting upon it, using a sound discretion."

In *Chandler* v. *City of Kokomo* (1894), 137 Ind. 295, it is held that the statute for annexation of land to a city does not prescribe the reasons which shall be sufficient for such annexation but leaves that question to the sound discretion of the authority passing on the petition for annexation.

Under the statute providing for disannexation, the city council of Covington acted judicially in determining the matters and things stated in the petition for disannexation and acted judicially in holding that the property should not be disannexed. When the appellants appealed from the decision of such city council to the circuit court, it was the duty of such court to try the matter *de novo*. Under the facts found, it was the duty of the court to order the territory disannexed as prayed.

The judgment of the court dismissing the petition and cause against the petitioners is erroneous and should be reversed. It is therefore reversed with instructions to restate conclusions of law in favor of appellant and enter judgment accordingly.

Ewbank, J., absent.