## TOWN OF REDKEY *v.* PETERS ET AL.

[No. 13,379.   Filed January 28, 1930.]

*Austin H. Williamson* and *James J. Moran,* for appellant.

*Zoe M. Wyatt* and *George T. Whitaker,* for appellees.

ENLOE, J.—The appellees herein, in November, 1926, presented to the board of trustees of the town of Redkey their petition to have certain lands, of which they were the owners, disannexed from said town.   Said board of trustees, after hearing the matter, denied said petition. From this action, an appeal was taken to the Jay Circuit Court.   The petition was filed under the provisions of §11218 Burns 1926; the lands were unplatted, and one boundary thereof coincided with one boundary line of said town of Redkey.

The matter was submitted to the court for trial, with a request that the court find the facts specially and state conclusions of law thereon.   Exceptions to conclusions of law, and overruling motion for a new trial constitute the alleged errors presented on this appeal.   The conclusion of law stated was that the law was with the

petitioners and they were entitled to have their said lands disannexed.

It is the contention of the appellant that, as the evidence, without dispute, showed the town of Redkey to be heavily indebted, this fact should have been found, and as the same was not found, the findings are insufficient to sustain the conclusion of law. It will be readily seen that the above-stated proposition covers both alleged errors.

In the case of *Livengood* v. *City of Covington* (1924), 194 Ind. 633, 144 N. E. 416, it appears that the trial judge, in circuit court, had dismissed the proceedings, which were for disannexation, upon the theory that the statute was void for indefiniteness because it did not set forth what facts, if proved, should be sufficient to warrant an order for disannexation. Upon appeal, the Supreme Court, speaking by Willoughby, J., held that the matter was left to the sound discretion of the trial court.

The statute involved herein makes no mention of corporate indebtedness and contains no requirement as to the proof of same. We cannot say that, in proceedings for disannexation, it is necessary that the amount of corporate indebtedness should be proved and found. In the Livengood case, *supra*, there was no such finding. The facts found in the instant case follow very closely the findings in the Livengood case, upon which finding, on appeal, our Supreme Court said that there should have been an order for disannexation.

We find no error.

Affirmed.