### HUTCHINSON v. THE STATE.

CRIMINAL LAW.—*Larceny.*—*Goods Stolen in one County Carried Into Another.*—*Indictment.*—At the September term, 1878, of a circuit court, the proper grand jury found an indictment, charging the defendant with having committed a larceny in an adjoining county, " on the 15th day of May, 1878," and with having brought the stolen goods into the county where the indictment was found, " on the 16th day of May, 1876."

*Held,* that the indictment is insufficient, on motion in arrest.

From the Floyd Circuit Court.

*J. H. Stotsenburg* and *J. V. Kelso,* for appellant.

*T. W. Woollen,* Attorney General, for the State.

BIDDLE, J.—The appellant was indicted at the September term, 1878, of the Floyd Circuit Court, for grand larceny, in the following words :

" The grand jurors for the county of Floyd, and State of Indiana, upon their oaths present, that, on the 15th day of May, A. D. 1878, at the county of Clarke, and State of Indiana, James Hutchinson, one dark red steer, of the value of twenty-five dollars, the personal property of one Thomas B. Jacobs, then and there being found, did then and there unlawfully and feloniously steal, take and carry away, and afterwards, to wit, on the 16th day of May, 1876, he, the said James Hutchinson, brought the said property, feloniously stolen, taken and carried away as aforesaid, into the county of Floyd, and State of Indiana, contrary to the statute in such case made and provided."

Upon this indictment the appellant was tried and convicted. He moved in arrest of judgment upon the following grounds :

1. That the grand jurors who found the indictment had no legal authority to inquire into the offence charged, by reason of its not being within the jurisdiction of the court ;

2. That the facts stated do not constitute a public offence.

The motion was overruled, and exceptions reserved. Final judgment was then pronounced against the appellant. Appeal.

It is patent upon the face of the indictment, that the larceny is charged to have been committed in Clarke county, on the 15th day of May, A. D. 1878, and the crime continued by bringing the property into Floyd county, on the 16th day of May, 1876. This discrepancy in dates renders the commission of the crime incongruous, and, indeed, impossible; for the appellant could not steal the steer in Clarke county in May, 1878, and, after the larceny, bring him into Floyd county in May, 1876. Besides, the allegation of bringing the steer into Floyd county, which alone can give the Floyd Circuit Court jurisdiction over the offence, and the grand jury of Floyd county the legal authority to present the indictment, shows that the offence is barred by the statute of limitations. The precise time of the commission of the offence need not be stated in the indictment, but it must be shown to have been committed within the statute of limitations. 2 R. S. 1876, p. 384, sec. 56. Indeed, when the grounds of arrest appear on view, the court may arrest the judgment without motion. 2 R. S. 1876, p. 410, sec. 145; *Reams* v. *The State*, 23 Ind. 111; *The State* v. *Noland*, 29 Ind. 212; *Mullen* v. *The State*, 50 Ind. 169; *Buckner* v. *The State*, 56 Ind. 207; *Shelton* v. *The State*, 1 Stew. & Port. 208; *The State* v. *Ma Grath*, 19 Mo. 678.

It appears to us that the indictment upon its face shows, that the Floyd Circuit Court had no jurisdiction over the offence charged, and that the grand jury of Floyd county had no legal authority to present it, by reason of its not being within the jurisdiction of the court. The time at which it is averred that the appellant brought the stolen property into Floyd county, in reference to the time at which it is averred that the property was stolen in Clarke county, being impossible, it is as though no time was al-

leged as to the latter averment; and, this averment reject-ed, the indictment simply shows that the grand jury of Floyd county presented an indictment for a larceny committed in Clarke county.

The judgment is reversed, and the cause remanded, with instructions to sustain the motion in arrest of judgment. The clerk will make the proper order for the return of the prisoner.