## VANCLEAVE *v.* THE STATE.

[No. 18,394.  Filed April 6, 1898.]

CRIMINAL LAW.—*Larceny.—Robbery.— Indictment.*— The defendant may be convicted of larceny, under an indictment charging robbery. *p. 274.*

SAME.—*Indeterminate Sentence Law.—Constitutionality Of.*—The Act, known as the Indeterminate Sentence Law, (Acts of 1897, p. 219), is constitutional.  Following *Miller* v. *State,* 149 Ind. 607.  *p. 274.*

SAME.—*Larceny.—Cross-Examination of Defendant.— Practice.*— A person on trial for larceny, who becomes a witness in his own behalf, may be asked on cross-examination whether he had not previously been convicted of a similar crime, for the purpose of showing his credibility as a witness.  *pp. 275, 276.*

From the Shelby Circuit Court.  *Affirmed.*

*Lee F. Wilson* and *David H. Thompson,* for appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores* and *Alonzo Blair,* for State.

McCABE, J.—The appellant was indicted in the Shelby Circuit Court, charging that he "on or about the 8th day of May, 1897, at said county and State of Indiana, did then and there unlawfully, feloniously, violently, and forcibly, make an assault in and upon one James A. Young, and did then and there and thereby feloniously and forcibly, by violence and the putting said James A. Young in fear, take, steal, and carry away from the person of him, the said James A. Young, fifteen dollars in lawful money of the property of said James A. Young, then and there of the value of fifteen dollars, and one pocket book belonging to said James A. Young, then and there of the value of twenty-five cents."  On a trial by jury the defendant was found "guilty of the offense charged in the indictment in this cause, and that his true age is now 36

VOL. 150—18

years." Judgment followed upon the verdict according to the act approved March 8th, 1897, known as the "Indeterminate Sentence Law," applicable to male offenders guilty of a felony other than treason or murder in the first or second degree, and 30 years of age or over (Acts 1897, p. 219), the court having overruled his motion for a new trial.

Error is assigned by the appellant upon numerous rulings, many of which have been waived by failing to discuss them. We will notice such of them as have not been waived.

The first of such rulings urged as error is overruling appellant's motion for a *venire de novo*. The ground on which this motion is urged is that the indictment charges both robbery and larceny, and the verdict fails to show of which it is that the jury find the defendant guilty. A charge of larceny is always included in a charge of robbery, which latter crime it is practically conceded is properly charged in the indictment. *Rains* v. *State*, 137 Ind. 83, and authorities there cited.

A general verdict of guilty as charged in the indictment is a verdict that the defendant is guilty of the crime or offense or offenses charged in the indictment, and such a verdict is not defective. 1 Bish. Crim. Pro., section 1015a, 3 and 4, and authorities cited. Therefore the circuit court did not err in overruling appellant's motion for a *venire de novo*.

Another objection urged to the verdict is that the act referred to above, authorizing such a verdict, is unconstitutional and void, for the same reasons urged against the constitutionality of the Reformatory Act in *Miller* v. *State*, 149 Ind. 607. On the authority of that case, and on the authority of *Wilson* v. *State, post*, 697, upholding the constitutionality of the act now in question, we hold it constitutional and valid.

The next objection urged under the motion for a new trial is that the verdict is contrary to, and not supported by the evidence. The principal argument of appellant's counsel in support of this contention is not that there was not any evidence to support a finding of guilty, but that the appellant's opposing evidence and the circumstances were sufficient to overcome the State's evidence, and hence that the jury erred in weighing it; and we are urged to correct the error of fact into which it is claimed that the jury had fallen. That we cannot review the evidence on appeal, where that part of it tending to support the verdict is legally sufficient, even when the opposing evidence may seem to us to outweigh it, has been decided so often by this court that it seems passing strange that counsel will ignore it, and assume that it may be, when we have decided we cannot review the evidence for the thousandth time, we may conclude to overrule all those cases. See *Deal* v. *State*, 140 Ind. 354, and cases there cited. But, even if we were permitted to re-weigh the evidence, it does not seem to us that the jury erred in weighing it.

The next point made under the motion for a new trial is that the trial court erred in permitting the State to ask the appellant while on the witness stand. as a witness in his own behalf, on cross-examination, the following question: "I will ask you if you were arrested on the charge of larceny, and convicted in this court at the March term, 1886?" Answer: "Yes; I was." Question: "I will ask you if you are not now under indictment and arrest for robbing Charles Keith?" Answer: "Yes, sir." No objection was urged on account of the fact that it was an offer to prove by parol what was a matter of record. But the objection is that such evidence was inadmissible, even though proved by the record. The court, however,

told the jury that it was admitted only for one purpose, and its consideration by them must be confined to that purpose, and that purpose was to affect the credibility of appellant's testimony. For such a purpose such questions and answers in cross-examination, it is settled law, are competent and proper. *Parker* v. *State*, 136 Ind. 284, 288; *Bessette* v. *State*, 101 Ind. 85; *Blough* v. *Parry*, 144 Ind. 463, 481; *Shears* v. *State*, 147 Ind. 51. There was no error in permitting such cross-examination for such purpose.

The circuit court did not err in overruling the motion for a new trial. The judgment is affirmed.