AMERICAN SHEET AND TIN PLATE COMPANY *v.* REASON.

[No. 22,801. Filed December 17, 1915.]

1. APPEAL.—*Review.*—*Evidence.*—The testimony of plaintiff, for whom the verdict was returned can not be disregarded on appeal on the theory that it is so improbable as to warrant such action when considered in the light of all the evidence, since the weight of the evidence must be determined in the trial court. p. 128.

2. MASTER AND SERVANT.—*Action for Wages.*—*Defenses.*—*Estoppel.*—Where, pursuant to defendant's custom, a pay statement

was delivered to plaintiff setting forth the amount of wages due him and entitling him to a check for the amount on presentation thereof to the paymaster, and before plaintiff could present such statement the same had in some manner unknown to plaintiff come into the possession of a person who presented it with the name of plaintiff endorsed thereon and procured and cashed plaintiff's check, and, thereafter, plaintiff brought his action under §7983a Burns 1914, Acts 1911 p. 110, for the recovery of his wages and the statutory penalty, the rule that when one of two innocent persons must suffer from the fraud of a third person the loss must fall on the one whose negligence made the perpetration of the fraud possible was inapplicable, and defendant, having failed to plead estoppel, could not maintain that plaintiff was estopped from recovering by reason of his negligence. p. 128.

3.   APPEAL.—*Review.*—*Misconduct.*—*Record.*—Alleged misconduct of the trial court in hearing evidence in appellant's absence while the cause was under advisement can not be considered where the record discloses no error in that respect, and, even were it assumed that such evidence was heard in the manner claimed, it would be presumed in the absence of a showing to the contrary that appellant learned of such fact before the decision and waived a consideration of the question by failing to make a timely objection. p. 129.

From Superior Court of Madison County; *H. Clarence Austill*, Judge.

Action by Louis Reason against the American Sheet and Tin Plate Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Campbell & Kidwell*, for appellant.
*Wilkie & Wilkie* and *Robert T. Wilkie*, for appellee.

MORRIS, C. J.—Suit by appellee for wages and statutory penalty. §4 Acts 1911 p. 110, §7983a Burns 1914. Appellant answered by general denial and plea of payment. Trial by court, finding and judgment for appellee. The error here assigned is the overruling of the motion for a new trial.

It is contended that the evidence is insufficient

to support the finding. Appellee, an employe of appellant, testified that in the latter's factory about 1,400 persons were employed; that it was the custom, on "pay day," for appellant to deliver to each employe a pay statement, or slip, containing the name of the employe, the amount of wages due him and a blank receipt for the employe to sign; that the employe afterward presented the statement to the paymaster, who, if the statement was correct, issued to the employe a check on a local bank in payment of wages due; that on May 15, 1912, a pay day, there was due appellee the sum of $35.64 for wages earned in the tinning department, and, between seven and eight o'clock a. m. of said day appellant delivered to him, at his place of work, a pay statement which recited said fact; that appellee folded the statement and placed it in the inside pocket of his coat, hanging within three feet of his place of work; that from that time until noon he was not absent from his place of work, except for a brief interval when he went away to get a drink of water; that he saw no one near the coat; that at noon he put on his coat and started to the paymaster's office, when he discovered that the statement was missing. He thereupon made a search about the place of work, but could not find the paper, and reported the loss to the paymaster and demanded his wages. He was informed by that official that in the meantime the pay statement issued to appellee had been presented and the blank receipt signed in appellee's name, and a check issued payable to appellee for the amount of wages. Inquiry at the bank, where the check was payable, disclosed that it had already been paid. The pay statement and check were introduced in evidence, and appellee said that he signed neither, and that the signatures thereon, "Louis Reason," were forgeries.

There was no contention about the amount due appellee on May 15, 1912. It is appellant's theory that the amount due appellee was paid to him, and numerous witnesses testified for appellant, that in their opinions the signatures on the pay statement and check were in the handwriting of appellee. It is appellee's theory that the statement was stolen and a check for the amount was delivered to the thief by appellant. It is now contended by appellant that in view of all the evidence given, appellee's story is so improbable that it should be disregarded by this court. We cannot adopt such theory. The truth of appellee's story was not impossible, and the weight of the evidence was for the sole determination of the trial court. *McKeen* v. *A. T. Bowen & Co.* (1914), 182 Ind. 333, 106 N. E. 529.

Appellant also contends that if the statement was stolen, the evidence shows the theft resulted from appellee's negligence and he ought not to recover. Manifestly appellant here seeks to invoke the rule that when one of two innocent persons must suffer from the fraud of a third person the loss must fall on the one whose negligence enabled the third person to perpetrate the fraudulent act. This doctrine is frequently invoked in suits on commercial paper. *Moore* v. *Moore* (1887), 112 Ind. 149, 13 N. E. 673, 2 Am. St. 170; *Gardner* v. *Beacon Trust Co.* (1906), 5 Ann. Cas. 583, note. The pay statement was not commercial paper, nor is this action founded thereon. If, by reason of the custom and usages in appellant's establishment, appellee might have been estopped from recovering because of his negligence, appellant is precluded here from relying on such doctrine because it failed to plead any estoppel. *Kiefer* v. *Klinsick* (1896), 144 Ind. 46, 42 N. E. 447.

American, etc., Tin Plate Co. *v.* Reason—184 Ind. 125.

The fourth ground of appellant's motion for a new trial is the alleged misconduct of the trial court in hearing, in appellant's absence, additional evidence from appellee, after the conclusion of the regular hearing and argument of counsel. The alleged fact is supported by an affidavit. The record discloses no error in reference to such contention. If it be assumed that the court did hear evidence in appellant's absence, while the cause was under advisement, the affidavit in support of the fourth ground does not refute the presumption that appellant knew of the fact before the decision, in which case, in the absence of timely objection, the appellant waived a consideration of the question. *Messenger* v. *State* (1899), 152 Ind. 227, 52 N. E. 147. No objection was interposed before the decision. The record, however, does not show, by any bill of exceptions, or otherwise, that the trial court did, while the cause was under advisement, hear evidence in appellant's absence. The sole basis for such contention is the affidavit in support of the motion for a new trial. The statements therein are not verified by the record, and hence cannot be considered. *Taylor* v. *Schradsky* (1912), 178 Ind. 217, 219, 97 N. E. 790.

No reversible error appears in the record. Judgment affirmed.

NOTE.—Reported in 110 N. E. 660. As to necessity of pleading estoppel, see 27 Am. St. 344. See, also, under (1) 3 Cyc 348; (2) 16 Cyc 806; (3) 3 Cyc 176, 299.