## Town of St. John v. Gerlach et al.

[No. 24,427.   Filed February 19, 1926.]

1. Constitutional Law.—*Statute authorizing proceedings to disannex territory from cities and towns not unconstitutional as investing courts with legislative power.*—The act of 1907 (Acts 1907 p. 617, §§6-11, §§11217-11222 Burns 1926), authorizing proceedings to disannex territory from cities and towns, is not unconstitutional because of investing the courts with legislative power and discretion or because it fixes no standard for a judicial determination of the issues involved in such a proceeding.   p. 291.

2. Appeal.—*On appeal from disannexation proceeding, question not presented to trial court cannot be considered.*—On appeal from a decision as to disannexing territory from a town, appellant's contention that the court could not order so much territory disannexed that it would reduce the amount of taxable property so that the debts of the town would exceed two per cent. of the remaining property cannot be considered where the issue was not presented to the trial court.   p. 291.

3. Municipal Corporations.—*Judgment ordering disannexation of territory held to decide nothing respecting liability of disannexed lands for municipal indebtedness.*—A judgment ordering the disannexation of territory from a city or town does not decide whether lands disannexed can be required to pay part of the outstanding municipal debt nor what part, if any, they should pay where that issue was not presented in the trial court.   p. 291.

4. Municipal Corporations.—*In a proceeding to disannex territory, defense of estoppel must be pleaded specially, and, if not, will not be considered on appeal.*—In a proceeding to disannex territory from a city or town, the defense that the petitioners were estopped to ask that their property be disannexed must be pleaded specially, and where this was not done, evidence tending to establish such defense will not be considered on appeal.   p. 291.

5. Estoppel.—*Facts constituting estoppel must be pleaded specially and the defense is not available under general denial.*—Facts constituting an estoppel must be pleaded specially and the defense is not available under the general denial.   p. 291.

6. Appeal.—*Decision of trial court is conclusive on all questions of the weight of conflicting evidence and credibility of witnesses.*—The decision of the trial court is conclusive on all questions of the weight of conflicting evidence and the credibility of witnesses.   p. 294.

7. MUNICIPAL CORPORATIONS.—*Evidence held to sustain order disannexing territory.*—Evidence held to sustain order of court disannexing territory under Acts 1907 p. 617, §§6-11, §§11217-11222 Burns 1926. p. 294.

From Lake Superior Court; *Maurice E. Crites,* Judge.

Proceeding by John P. Gerlach and others against the town of St. John in Lake county. From a judgment ordering the disannexation, the defendant appeals. *Affirmed.*

*Fred Grimmer, Fred C. Crumpacker, Edwin H. Friedrich* and *Frank L. Greenwald,* for appellant.

*John A. Gavit, Frank B. Pattee* and *Herbert T. Johnson,* for appellees.

EWBANK, C. J.—This was an action by appellees to disannex from the town of St. John, in Lake county, Indiana, certain lands which they owned in that town. The sufficiency of the complaint was not challenged, but the appellant town of St. John joined issue by an answer of general denial, only. There was no affirmative plea, whether of estoppel or otherwise. The cause was submitted to the court for trial and the court made a general finding that the petition for disannexation should be granted, and that the lands of the petitioners described therein, embracing about 450 acres off the north side of section 28, township 35 north, range 9 west, in said county, should be disannexed from the town of St. John, and made a part of St. John township. Appellant filed a motion for a new trial for the reasons, among others, that the decision is not sustained by sufficient evidence and is contrary to law, naming as one ground for its contention that the statute under which this proceeding was brought is unconstitutional. This motion was overruled and an exception reserved, and judgment was rendered on the finding, that the lands be and thereby were disannexed. Overruling the

Town of St. John *v.* Gerlach—197 Ind. 289.

motion for a new trial is the only error properly assigned.

The contention of appellant that the statute purporting to authorize this kind of a proceeding (§§11217-11222 Burns 1926, §§8913-8918 Burns 1914, Acts 1907 p. 617) is unconstitutional and void by reason of assuming to invest a court with legislative power and discretion, and because it fixes no standard for a judicial determination of the issues joined upon the complaint and answer, is sufficiently met by citing a recent decision of this court, holding the statute to be constitutional. *Livengood* v. *City of Covington* (1924), 194 Ind. 633, 144 N. E. 416.

The further contention that the court had no power, under the Constitution, to order so much of the territory disannexed from a town as to reduce the amount of taxable property therein until the debts of the town will exceed two per cent. of the taxable value of the remaining property cannot be considered by this court for the reason that no issue of that kind was presented to the trial court. The creditors of the town were not parties to this action, and it did not appear from the pleadings on which the issue was joined that the town had any debts at all, so that nothing was in issue and nothing was decided by the judgment appealed from as to whether or not the lands disannexed can be required to pay part of the outstanding debt of the town, nor what part they should pay, nor by what means payment should be enforced in case it should be held that they ought to pay anything.

And no issue of estoppel having been joined, no question as to whether facts existed by reason of which the owners of these lands might have been estopped to ask that their property be disannexed is presented. Facts constituting an estoppel must be pleaded specially, in order that the question

whether or not a party is estopped to act in a certain manner may be put in issue. The defense of estoppel is not available under an answer of general denial. *Webb* v. *John Hancock, etc., Ins. Co.* (1904), 162 Ind. 616, 630, 69 N. E. 1006, 66 L. R. A. 632; *Southern Product Co.* v. *Franklin Coil Hoop Co.* (1914), 183 Ind. 123, 130, 106 N. E. 872; *American, etc., Tin Plate Co.* v. *Reason* (1915), 184 Ind. 125, 128, 110 N. E. 660.

There was evidence to the effect that the town of St. John was incorporated in the year 1911 so as to embrace within its corporate limits an area of four square miles, being sections numbered 28, 29, 32 and 33 in the township of St. John, in Lake county, Indiana; that a school town was organized, which for a few years controlled the school therein; that it was then dissolved and a public school house was built by the township near the south edge of the cluster of houses in the center of the town; that, when this action was commenced, there were a few acres platted as town lots in each of the four sections, at or near the center of the town where all the sections come together, and a group of fifty-four dwelling houses, a church, a parochial school, a public school, and half a dozen or more buildings used for business purposes were situated at that point within an area of less than 100 acres; that there were also eleven farm houses scattered over the remaining territory within the town; that, by the census of 1920, the town had a population of 287; that only one or two new houses had been built in the town within the last five or six years and none at all for three or four years past; that the land disannexed lay at some distance north of the east part of the group of houses, no part of it nearer than half a mile from one railroad station in the town, nor nearer than three-quarters of a mile from the other station, while the north end of

such lands was three-quarters of a mile farther from each station; and that all of such disannexed territory consisted wholly of farming lands, "stump pasture" lands, and swamp or marsh lands; that there was only one house in all this territory, and it was about a mile from the only church in the town, and equally as far from the electric light plant, and almost a mile from the nearest electric light, which was forty rods south of any of the lands disannexed, and that only three houses in the town were between that house and "up town"; that these lands comprised about 450 acres, in tracts of from three or four to 145 acres in size, none of them being of less area than three acres; that there were no sidewalks or sewers or drainage of any kind, nor water mains, nor electric lights in any of this territory; that, of the three highways extending through or past these lands, only one had been improved to any degree by the town, and it had only had new stone put on it occasionally and been scraped once or twice a year; that the others frequently were almost impassable; that the township was preparing to build an improved road along the north boundary of the lands disannexed, to connect with a stone road that leads south through these lands to the group of houses in the town of St. John; that these lands received no benefit whatever from the town, and that, in recent years, the tax rate in the town had averaged more than double the rate per $100 of assessed value that was levied by the township, although the township maintained the public schools, and the town levied no school tax; that the town had only a volunteer police force, and a volunteer fire department, which had a fire apparatus operated by hand that was kept more than a mile from the only house in this territory; that the town was not growing in the direction of these lands, nor growing at all; that the cost to the town of fur-

nishing to the inhabitants of this territory water, lights, drainage, and streets, and the maintenance thereof, and of giving them other municipal conveniences and protection would far exceed the taxes assessed and paid upon these lands, if any such facilities or conveniences were to be afforded them.

There was also evidence tending to disprove many of these facts, but the decision of the trial court is conclusive on all questions of the weight of conflict-

**6, 7.** ing evidence and the credibility of witnesses. Evidence was also introduced tending to prove that the town owed a debt incurred for the installation of an electric light plant, that this debt was more than two per cent. of the assessed value for taxation of the property in the town which would remain after the disannexation of the acreage as petitioned for, that some of the owners of the lands disannexed had taken an active part in causing this debt to be created, and that the valuation of this real estate for taxation by the town had been a factor that entered into the issue of the bonds by which the debt was evidenced. But, as was pointed out above, no defense had been pleaded to which this evidence was applicable, and no question is presented on appeal as to whether or not it would have been sufficient to prove the defense of estoppel, if such a defense had been set up by a proper answer. The evidence is not insufficient to support the finding.

The judgment is affirmed.