## GIELOW v. STATE OF INDIANA.

[No. 25,017.   Filed October 7, 1926.]

1. CRIMINAL LAW.—*Misconduct of counsel in the argument not reviewable on appeal in absence of evidence.*—Alleged misconduct of the prosecuting attorney in the argument in making statements of fact that were not shown by the evidence was not reviewable on appeal where the evidence was not in the record.   p. 250.

2. CRIMINAL LAW.—*Appellate tribunal must indulge all reasonable presumptions in favor of trial court's action.*—Appellate tribunal must indulge all reasonable presumptions in favor of the action of the trial court, and, in the absence of a showing to the contrary, it will be presumed that the trial court's ruling on any proposition was correct.   p. 250.

3. INTOXICATING LIQUORS.—*Instruction in prosecution for maintaining liquor nuisance held not prejudicial.*—In a prosecution for maintaining a liquor nuisance as defined in Acts 1917 p. 20, §20, §8356t Burns' Supp. 1921, an instruction containing a statement that, at that time, possession of intoxicating liquor with intent to sell it was not a violation of the law was not prejudicial to the defendant, although unnecessary. p. 250.

4. CRIMINAL LAW.—*Omission from instruction stating charge against defendant cured by other instructions.*—An instruction in a prosecution for maintaining a liquor nuisance was not reversible error, although the words "in violation of law" were omitted from that part of the instruction which stated the offense with which the defendant was charged, where other instructions quoting the law on which the prosecution was based contained the omitted words.   p. 250.

5. CRIMINAL LAW.—*Error in instruction does not require reversal unless whole charge will mislead jury.*—Instructions are to be considered with reference to one another and as an entirety, and error in a particular instruction does not require a reversal unless it is of such a nature that the whole charge to the jury of which it forms a part is thereby vitiated so as to mislead the jury as to the law of the case.   p. 250.

6. CRIMINAL LAW.—*Instruction authorizing jury to draw reasonable inference from facts proved not erroneous.*—In a prosecution for maintaining a liquor nuisance, an instruction that if the place described in the affidavit was maintained by the defendant as a dry beer saloon, and that any quantity of intoxicating liquor was found therein under defendant's control and custody, the jury might draw any reasonable inference

Gielow *v.* State—198 Ind. 248.

therefrom as to the purpose for which the liquor was kept, was not erroneous.    p. 251.

7.  CRIMINAL LAW.—*Instruction directing evidence of prior offense of defendant to be considered only as affecting his credibility as a witness was not improper.*—In a prosecution for maintaining a liquor nuisance, where the defendant became a witness in his own behalf, an instruction that evidence that defendant was arrested and fined for transporting liquor prior to the offense for which he was on trial could be considered only to affect his credibility as a witness and not as evidence that he maintained a nuisance as charged, was not erroneous. p. 252.

8. · CRIMINAL LAW.—*Defendant may be cross-examined as to his conviction of another crime to affect his credibility as a witness.*—A defendant who has become a witness in his own behalf may be cross-examined as to whether he has been convicted of another crime, not for the purpose of proving him guilty of the crime for which he is on trial, but to affect his credibility as a witness.    p. 252.

From LaPorte Superior Court; *Harry L. Crumpacker,* Judge.

Albert Gielow was convicted of maintaining a liquor nuisance as defined in §20 of the prohibition law of 1917 (Acts 1917 p. 15, §8356t Burns' Supp. 1921), and he appeals.    *Affirmed.*

*Lemuel Darrow, Earl Rowley* and *C. V. Shields,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Frank L. Greenwald,* Deputy Attorney-General, for the State.

GEMMILL, J.—The appellant was found guilty of maintaining a common nuisance, as defined in §20, ch. 4, Acts of 1917.   His motion for a new trial was overruled.   He has appealed from the judgment of fine and imprisonment.

It is contended by appellant that the court erred in refusing to discharge the jury on account of misconduct of the prosecuting attorney in his closing argument and in giving each of three instructions.

The prosecuting attorney made the following statement to the jury: "That violations had taken place and at another time search was made other than we made this time, on January 7th, and there were ten gallons of liquor in the place, but we didn't find it." The defendant objected to this statement, claiming that same was not sustained by the evidence, and asked that the prosecuting attorney be required to withdraw the statement and that the jury be discharged. The motion was overruled. The record does not contain the evidence. Only by inspection of the evidence is it possible to determine whether said ruling was correct or erroneous. However, it is the duty of this court to indulge all reasonable presumptions in favor of the action of the trial court. *Robb* v. *State* (1896), 144 Ind. 569, 572, 43 N. E. 642; 2 Thompson, Trials (2d ed.) §2406; Ewbank's Manual of Practice §209. As there is no showing to the contrary, it will be presumed that the ruling of the trial court was correct.

Instruction No. 5 given by the court is as follows: "Mere possession of intoxicating liquor with intent to sell the same, or for any other purpose, of itself, was not a violation of the law of the State of Indiana on the date charged in the affidavit. However, maintaining a place where intoxicating liquor was sold, or otherwise disposed of, or maintaining a place where intoxicating liquor was kept for the purpose of being sold, or otherwise disposed of, did on said date constitute a violation of the laws of this state. The charge upon which the defendant is here being tried is that of maintaining or assisting in maintaining a place where intoxicating liquors were kept for the purpose of sale, or where intoxicating liquors were sold. And if you believe from the evidence, beyond a reasonable doubt, that the defendant did maintain or assist

in maintaining such a place, you would be justified in finding him guilty." Objection is made to the first sentence thereof, it being urged that same makes the instruction erroneous and prejudicial. Said sentence is a correct statement of the law and although the instruction did not have to contain it, appellant could not have been injured thereby. Objection is also made to this instruction because the words "in violation of law" used in the statute defining the offense, or similar words, do not appear in that part of the instruction stating the charge. The words in question were used in the affidavit set out in instruction No. 1, in instruction No. 2, and in instruction No. 3 which quoted the law upon which the prosecution was based and definitely stated the particulars in which it was alleged that same was violated. While this instruction is not complete, instructions are to be considered with reference to each other and as an entirety, and error in a particular instruction will not justify a reversal unless it is of such a nature that the whole charge of which it forms a part is thereby vitiated so as to mislead the jury as to the law of the case. *Gallaher* v. *State* (1885), 101 Ind. 411, 412; *Cooper* v. *State* (1889), 120 Ind. 377, 380, 22 N. E. 320; *Shields* v. *State* (1897), 149 Ind. 395, 406, 49 N. E. 351; *Alyea* v. *State* (1925), 196 Ind. 364, 371, 372, 147 N. E. 144; *Robbins* v. *State* (1925), 197 Ind. 304, 149 N. E. 726. The giving of this instruction cannot be considered as reversible error.

Objection is made to the last sentence of instruction No. 6 given by the court, which part of same reads as follows: "If, however, you find from the evidence and beyond a reasonable doubt that the building, room or place described in the affidavit was maintained by the defendant as a dry beer saloon, and that any quantity of intoxicating liquor was found

therein and under the control and custody of the defendant, you may draw any reasonable inference from such circumstances as to the purpose for which such liquor was there kept." In Branson, Instructions to Juries (2d ed.) §13, citing *Vandalia Coal Co.* v. *Moore* (1919), 69 Ind. App. 311, 121 N. E. 685, and other cases, it is said: "The court may instruct that the jury may draw reasonable and natural inferences from facts proved to its satisfaction."

Appellant also excepted to the giving of instruction No. 9A which reads thus: "Evidence has been introduced by the state to the effect that the defendant was arrested and fined for having transported intoxicating liquor prior to the alleged commission of the offense he is now charged with. This fact, if it be a fact, can be considered by you only for the purpose of throwing what light it may on his credibility as a witness, and should not be considered as evidence of his having maintained a common nuisance in his place of business." It is claimed that the evidence upon which this instruction was based was incompetent. That question cannot now be raised as same is not properly presented. The objection to said instruction is not well taken, as a defendant may be cross-examined as to whether he has been convicted of another crime, as the motion for a new trial shows was done in the trial of this cause, not for the purpose of proving him guilty of the crime for which he is on trial, but to affect his credibility as a witness. *Shears* v. *State* (1897), 147 Ind. 51, 46 N. E. 331; *Vancleave* v. *State* (1898), 150 Ind. 273, 49 N. E. 1060; Ewbank, Indiana Trial Evidence §171. The court did not err in overruling the motion for a new trial.

Judgment affirmed.