Allen, J.
 

 Plaintiff in error contends, first, that the road was illegally established, and, second, that Sections 8897, 8898, and 8899, General Code, are unconstitutional, in that they vest a court with legislative power.
 

 The first of these contentions is not before the court, for it was not raised in the pleadings.' We therefore proceed to consider the question of the constitutionality of the statutes. They read as follows:
 

 Section 8897: “Every municipality or other authority hereafter building a highway across an existing railroad, shall construct it above or below the grade thereof, unless in the manner hereinafter provided allowed to build at grade. The cost of such wort shall be paid, thirty-five per cent, by such municipality or other authority, and sixty-five per cent, by the company owning the railroad. The word ‘railroad’ shall include interurban railroads and the words ‘railroad company,’ shall include interurban railroad companies engaged in the operation of cars by electricity or other lawful motive power which
 
 *504
 
 said companies may adopt or use. The method or procedure for the construction of such highway and the manner of construction thereof shall be governed by the statutes regulating the abolition of grade crossings.”
 

 Section 8898: “When it is desired by a railroad company constructing a new railroad, or in changing or in altering the location of one heretofore constructed, or by any municipality or authority constructing a new highway that the railroad or highway should be so constructed that the railroad and highway will cross each other at the same grade or if it is desired to divert, change or alter an existing public highway, a petition shall be presented by the party desiring such construction or diversion, to the common pleas court of the county within which the crossing or diversion is situated, and if it is a highway asking for the right to cross a railroad, the railroad company shall be the defendant. If it is a railroad company asking for the right to cross a highway, or divert, change or alter any existing public highway, in a municipality, such municipality shall be the defendant. If outside the municipality, the trustees of .the township and the board of county commissioners of the county shall be the defendants. Summons shall be served and the rule days and the rights of the defendants to plead shall be the same as in civil actions in such court. ’ ’
 

 Section 8899: “Such petition shall set forth the reasons that are supposed to make such change or alteration necessary or
 
 desirable;
 
 and the court of common pleas thereupon shall have the jurisdiction of the parties and the subject matter of the petition, and may proceed to examine the matter, either by
 
 *505
 
 evidence, by reference to a master commissioner or otherwise. If satisfied that snch construction is rea7 sonably required to accommodate the public, or to avoid excessive expense, in view of the small amount of traffic on the highway or railroad, and considering the future uses to which the highway may be adapted, or in view of the difficulties of other methods of construction, or for other good and sufficient reasons, the court shall make an order or orders permitting such crossing at a grade or diversion to be established. In such order, or orders, in its discretion, the court may prescribe that gates, signals, watchmen, or other safeguards shall be maintained by the railroad company, in addition to the signals and safeguards prescribed by statute, and- all such orders shall be binding upon the parties and be observed by them. ’ ’
 

 The statutes plainly require a
 
 hearing;
 
 but do they invest the court -of common pleas with legislative power?
 

 We are unable upon principle to distinguish this statute from the statute reviewed in the case of
 
 Village of Fairview
 
 v.
 
 Giffee,
 
 73 Ohio St., 183, 76 N. E., 865, a case which held that the act to provide for detaching unplatted farm lands from cities and incorporated villages and for attaching the same to adjacent townships, 95 Ohio Laws, 259, Sections 1536-60 and 1536-61, Revised Statutes, does not confer legislative power on the court of common pleas or a judge thereof, and is constitutional. That statute provided that the owner or owners of unplatted farm lands lying within the incorporated limits of any city or village might file a petition in the court of common pleas in the county in which such lands are
 
 *506
 
 situated, applying for the detachment of such lands, and that thereupon summons should issue and the cause proceed as in other causes.
 

 Section 2 of the act reads as follows:
 

 “Section 2. On the hearing of such cause if the court shall find that such lands are farm lands and that the same may be detached without materially affecting the good government of adjacent territory within such city or village limits, an order and decree may be made by the court in his discretion and entered on the record that such lands be detached from such city or village and be attached to the most convenient adjacent township in the same county, and thereafter such land shall not be a part of said city or village, and shall be a part of the township to which the same has been so attached, and the costs taxed as to the court may seem right. ’ ’
 

 This court held that the power which was conferred upon the court by that statute was in the nature of judicial power, and that the act was not unconstitutional. Now the fact that the statutes construed in the instant case confide it to the discretion of the judge of the court of common pleas to determine whether the proper occasion exists for granting a right to cross at grade does not substitute the court for the makers of the law. As stated by Ranney, J., in
 
 Cincinnati, Wilmington & Zanesville Rd. Co.
 
 v.
 
 Commissioners,
 
 1 Ohio St., 77, at 88:
 

 “The true distinction * * * is, between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the
 
 *507
 
 law. The first cannot be done; to the latter no valid objection can be made.”
 

 8 Cyc., 835;
 
 City of Zanesville
 
 v.
 
 Zanesville Telegraph & Telephone Co.,
 
 64 Ohio St., 67, 59 N. E., 781, 52 L. R. A., 150, 83 Am. St. Rep., 725.
 

 Since the statutes do not invest the court with the power to create the right to cross at grade, but themselves create that right, whenever in a proper proceeding the court determines the existence of the requisite statutory conditions, the sole function imposed upon the court is judicial, and not legislative^ Decisions from other jurisdictions dealing with the same general subject and making the same general holding, that the determination by a court ill similar proceedings, that the requisite statutory conditions exist, does not impose upon the court an unconstitutional function, are the following:
 
 Alexander
 
 v.
 
 McInnis,
 
 129 Minn., 165, 151 N. W., 899;
 
 Town of St. John
 
 v.
 
 Gerlach,
 
 197 Ind., 289, 150 N. E., 771;
 
 Livengood
 
 v.
 
 City of Covington,
 
 194 Ind., 633, 144 N. E., 416;
 
 City of Winfield
 
 v.
 
 Lynn,
 
 60 Kan., 859, 57 P., 549;
 
 Young
 
 v.
 
 Salt Lake City,
 
 24 Utah, 321, 67 P., 1066;
 
 Enderson
 
 v.
 
 Hildenbrand, Mayor,
 
 52 N. D., 533, 204 N. W., 356;
 
 Eskridge
 
 v.
 
 City of Emporia,
 
 63 Kan., 368, 65 P., 694;
 
 In re Hull,
 
 163 Minn., 439, 204 N. W., 534, 205 N. W., 613, 49 A. L. R., 320;
 
 Eckert
 
 v.
 
 Perth Amboy & W. Rd. Co.,
 
 65 N. J. Eq., 777, 66 N. J. Eq., 437, 57 A., 438 ;
 
 McGee
 
 v.
 
 Board of Commrs. of Hennepin Co.,
 
 84 Minn., 472, 88 N. W., 6;
 
 Janvrin, Petitioner,
 
 174 Mass., 514, 55 N. E., 381, 47 L. R. A., 319;
 
 State
 
 v.
 
 Superior Court for Skagit County,
 
 42 Wash., 491, 85 P., 264.
 

 The gist of plaintiff in error’s contention here is that the court made a wrong decision upon the facts
 
 *508
 
 of the case; but, as we do not- review the evidence, we are powerless to enter upon that phase of the discussion.
 

 The Court of Appeals of its own motion dismissed the appeal in this case upon the ground that the proceeding did not constitute a chancery case. Since the petition to appropriate institutes a purely statutory proceeding, under the oft-cited decisions of this court the case was not appealable.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Kinkade, Jones and Matthias, JJ., concur.