## DAVEROS *v.* STATE OF INDIANA.

[No. 25,541.   Filed April 28, 1933.]

*George P. Rose,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant, by affidavit, was charged and, upon trial before a jury, was convicted of rape upon a

female child under twelve years of age. Sec. 2429 Burns 1926. Motion for a new trial was overruled and this action of the trial court is assigned as error.

Appellant insists that the verdict of the jury was not sustained by sufficient evidence. He does not particularize by referring to the element or elements essential to constitute the offense that is unsupported by the evidence. He makes the statement, in effect, that if the court would examine the evidence its conclusion must be that there is "not enough evidence to make a case for the State of Indiana beyond a reasonable doubt." In support of that insistence he says that the testimony of the prosecuting witness should be closely scrutinized. This same thought is expressed by Underhill in his work on Criminal Evidence, §617 (3d ed.). However, in this same section, he says: "But it would seem that in the absence of statute the credibility of her evidence should be left wholly to the jury as in other cases." He was speaking of this class of cases in the trial court, although he does refer to one case on appeal where, upon a consideration of the entire evidence, the judgment below was reversed. *State* v. *Goodale* (1908), 210 Mo. 275, 109 S. W. 9. We have read the official report of that case. It was an extraordinary one on the evidence. The court on appeal, contrary to former rulings (*State* v. *Alexander* [1904], 184 Mo. 266, 83 S. W. 753), was induced to weigh the evidence because of its exceptional character, and, on the part of the prosecutrix, it declared that her testimony was "an unnatural and unreasonable story wholly unsupported, as it is, by any fact or circumstance corroborating it." In this jurisdiction there is no statute nor established rule of evidence requiring corroboration of the prosecutrix. *Chesterfield* v. *State* (1924), 194 Ind. 282, 141 N. E. 632; *Cosilito* v. *State* (1926), 197 Ind. 419, 151 N. E. 129.

The likelihood of her story or the credibility of her testimony, as in other cases, is a question to be considered and determined by the jury and the trial court. The adoption by this court of appellant's suggestion would require us to weigh the evidence which the settled law prohibits us from doing. *Ginter* v. *State* (1920), 189 Ind. 672, 676, 128 N. E. 834.

We fully appreciate appellant's endeavor to have us weigh the evidence in this case on the theory that the verdict was the result of undue influence or from sympathy for the prosecuting witness. We have read the entire evidence recited in appellant's brief, and also from the record, without finding any remarkable state of affairs justifying the conclusion that the verdict in this case was unduly influenced or that it was the result of sympathy. It is true, as said in *Ginter* v. *State,* *supra,* p. 677, "that the charge of rape is sometimes easy to make and hard to disprove; but, even if the jury is misled by passion and prejudice, we must presume that the trial judge, who passed upon a motion for a new trial, carefully considered the evidence to determine whether the jurors could reasonably have found as they did." This is not a case where the judgment on the evidence should be disturbed. *Vancleave* v. *State* (1898), 150 Ind. 273, 275, 49 N. E. 1060.

Appellant also claims error in the court's refusal to give each of his tendered instructions Nos. 5, 11, 12, 14 and 15. Tendered instruction No. 5 would have told the jury that the defendant in a criminal case is not required to satisfy the jury of the existence of any fact, which, if true, is a defense. This instruction might have been properly given, but since the court, by its instruction No. 5, fully covered the subject, it was not error to refuse it.

Instruction No. 11 follows: "The court further instructs you that the fact, if you should find it to be a

fact, that this defendant was convicted of other crime or crimes, and especially of crime or crimes not similar to the one before you; that was only admitted for another purpose, that is, for the purpose of testing defendant's credibility as a witness only, and not as evidence of defendant's guilt of the charge against him in this cause. I instruct you, therefore, that it is your duty to so apply the evidence, if any, of such conviction, and to use the same for no other purpose."

The principal objection urged against this instruction by the attorney-general is that it is "meaningless and impossible to be understood by the jury." The assertion of the attorney-general is not well taken. While it is true the proposition of law contained in the instruction might have been more clearly stated, yet we doubt if there was a single juror, if he gave attention, that would not have understood the instruction to mean that evidence showing appellant's conviction of other offenses was admitted only for the purpose of affecting the credibility of his testimony and should not be considered by the jury as evidence tending to prove the charge for which he was then being tried. On cross-examination appellant admitted that he had been previously convicted of violating the liquor law; that he had been convicted and served a term on the Indiana State Farm for having had sexual intercourse with a girl then rooming at a house of prostitution. Neither of these convictions had any relation to the charge for which he was being tried. They were convictions for distinct offenses and were in no way connected with any evidence so closely related to the issue on trial as to make such evidence admissible for the purpose of showing motive, intent or guilty knowledge. Since the court failed to inform the jury of the limited purpose of the evidence of other crimes brought out

on cross-examination, appellant was entitled to have the court give his tendered instruction which, as a question of law, was applicable to the charge and to the evidence, and the refusal of the court to give it was error, for which the judgment must be reversed. *Pierson* v. *State* (1919), 188 Ind. 239, 244, 123 N. E. 118; *Heacock* v. *State* (1931), 202 Ind. 344, 352, 174 N. E. 283; *Gielow* v. *State* (1926), 198 Ind. 248, 252, 153 N. E. 409.

Tendered instruction No. 12 requested the court to tell the jury that if it found the prosecutrix was over twelve years of age it should find the defendant not guilty. This instruction was properly refused, for if the prosecutrix, according to appellant's testimony alone, was fourteen years of age, he would not, for that reason alone, be entitled to an acquittal. Assuming that appellant's testimony as to the age of the child was true, and the evidence otherwise sufficient to warrant the jury in finding him guilty, then under the statute, §2429, *supra*, he would have been subject to imprisonment in the state prison for not less than five years nor more than twenty-one years, and not for life, which is the penalty for rape in case the child is under the age of twelve years.

It was not error to refuse instruction No. 14, which merely stated that counsel was entitled to read from law books and to discuss the law in their argument. There is no showing that the court refused counsel the opportunity of reading from law books to the jury, and moreover the court fully instructed the jury of its province to determine the law as well as the facts, which instruction also fully covered instruction No. 15 tendered by appellant.

It is next insisted in support of the motion for a new trial that the court erred in overruling the defend-

ant's objection to the question, "Can you tell the jury about when the first time was as near as you can recall?" propounded to the prosecutrix. The objection was that the evidence would tend to prove more than one felony. Overruling the objection to the question was not error. *Barker* v. *State* (1919), 188 Ind. 263, 272, 120 N. E. 593; *Vancleave* v. *State, supra.*

With reference to an objection to a question submitted to Dr. Stone, who was shown to have made an examination of the child and from which examination he was requested to state how recently the offense, if any, had been committed. Over objection he was permitted to answer that he was unable to "state exactly how recently, but the fact that the muscles had lost their tone and had not regained their tone would indicate there had been something introduced there not more than a month ago; I think it would be fair to state that." It was not error to admit this testimony. Appellant seems to think that since the affidavit charges the offense to have been committed on April 6th the evidence of carnal knowledge should have been confined to that date. Time is not the essence of the offense of rape other than the acts relied on must be within the statute of limitation next before the filing of the charge. The evidence in this case tended to show that appellant had intercourse with the prosecutrix at different times, all within less than a year prior to the filing of the affidavit. Evidence of these various acts was admissible for the purpose of showing the intimate relations existing between the parties, even though the state, upon request, had been confined to a particular act or date. *Bartlow* v. *State* (1915), 183 Ind. 398, 109 N. E. 201; *People* v. *Boston* (1923), 309 Ill. 77, 85, 139 N. E. 880.

Florence Stackert, a juvenile officer and a witness for the state, was asked the question, "Did you question

Lucille concerning what had happened?" Over █ objection by appellant she was permitted to answer "I did." This question did not call for any conversation between the witness and the prosecutrix nor did it call for the witness to state any particular facts communicated to her in the absence of the defendant, which was the objection made to the question. There was no error in this ruling.

Appellant further complains that he was not permitted to answer certain questions with reference to how much he was to be paid by the mother of the █ prosecutrix for work done by him, whether he had quarreled with the mother, whether she said to him, "I will get you yet," and whether a witness by the name of Brown had seen appellant strike a woman, and his question to the prosecuting witness, "How many times did Dan have sexual intercourse with you?" All of these questions, except the last one, involved a collateral matter and an attempt to show bad feeling between the mother and appellant, although the mother of the prosecutrix had not testified or given any evidence whatever in the case at that time. However, appellant finally was permitted to testify to all of those matters in detail, both on direct and on cross-examination. He had the benefit of a full statement to the jury of matters relative to the issue on trial, as also matters collateral which would tend to show bias and prejudice of the mother of the prosecutrix. The trial court very properly did not require appellant, in giving his testimony, to keep within the strict rules of evidence.

Upon a careful consideration of this case as it comes to us we feel that it would be a dangerous precedent to say that appellant was not harmed by letting the evidence of former convictions for other offenses go to the jury unlimited.

Judgment reversed, with instructions to sustain ap-

pellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

The clerk of this court will issue the proper order to the warden of the Indiana State Prison for the return of appellant, Joe Daveros, to the sheriff of Lake County, Indiana.