## SMITH, ALIAS WILSON *v*. STATE OF INDIANA

[No. 29,838. Filed July 12, 1960.]

*Frank I. Hamilton,* of Greensburg, for appellant.

*Edwin K. Steers,* Attorney General, *Richard M. Givan,* Assistant Attorney General and *Richard C. Johnson,* Deputy Attorney General, for appellee.

ACHOR, J.—This is an appeal from a judgment of the Criminal Court of Marion County, Division No. 2, rendered upon a verdict of a jury, wherein the appellant was charged by indictment of a bribery of a State Officer in two counts under Acts 1959, ch. 236, §1, p. 565 [being §10-601, Burns' 1956 Repl.] The jury found the appellant guilty on both counts and he was sentenced to the Indiana State Prison for an indeterminate term of not less than two years, nor more than fourteen and fined the sum of $10,000 on each count. Appellant urges,

First: That the trial court erred in overruling his motion to quash. In support of this motion, appellant argues that the indictment is duplicitous because each of the counts charged more than one offense committed at different times.

Appellant concedes that under established precedent in this state, since the forbidden acts of (1) offering a bribe and (2) accepting a bribe are disjunctively joined in the same section of the statute, and since the same penalty is provided for one or both of such offenses, they could be joined in a single count, provided such acts occurred *at the same time.* The same is true of the forbidden acts charged in Count Two. With regard to alleged dates of said offenses, we note that Count One

of the indictment charged that appellant solicited a bribe on September 6, 1956, and that he accepted the said sum on January 15, 1957. Count Two charges the appellant with accepting a promise to pay a bribe on September 6, 1956, and accepting payment thereof on January 15, 1957. Therefore, appellant argues that since on the face of the indictment the acts charged occurred at different times, both counts are bad on the grounds of duplicity or misjoinder.

In support of this position, appellant relies upon the case of *Glaser* v. *State* (1932), 204 Ind. 59, 62, 183 N. E. 33. In that case it is stated as follows:

" . . . The law applicable to criminal pleading in this jurisdiction forbids the joining 'of separate and distinct offenses created by separate and distinct sections of the statute and separate statutes', or offenses committed at different times, in the same count. (Cases cited.) . . . But where, as here, the offense charged consists of one or more of the forbidden acts committed at the same time and included in a single section of the statute, and the punishment is the same for one or all of the offenses named, a single count charging more than one conjunctively will not be bad for duplicity. (Cases cited.)

"The precise question, in principle, now under consideration was before this court in *Selby* v. *State* (1904), 161 Ind. 667, 672, 69 N. E. 463, and *Bruner* v. *State* (1929), 201 Ind. 33, 164 N. E. 272, and in both cases it was held that a charge of forgery and knowingly uttering a forged instrument may be pleaded in a single count when tied together conjunctively, when both offenses are charged 'as constituting a single transaction and for which but a single penalty can be exacted.' The pleading at bar is sufficient to withstand a motion to quash."

The question presented, then, is whether the term "at the same time," as used in the above reported case, must be construed to mean that the forbidden acts must

occur simultaneously, or whether it is sufficient that the acts were a part of a single transaction, where, as in this case, the solicitation (or promise to accept) of the bribe occurred on one date and the receipt or acceptance thereof occurred at a later date.

An analysis of the *Glaser* case, *supra,* relied on by appellant, and the later case of *Strickland* v. *State* (1940), 217 Ind. 588, 591, 29 N. E. 2d 950, which cites the Glaser case on this point, demonstrates that the forbidden acts need not occur simultaneously. In both cases this court affirmed the propriety of joining charges of forgery and of uttering a forged check in a single count. The latter case makes no reference to a limitation that the acts occurred "at the same time." In that case the check in controversy was forged in one county and uttered in another. Therefore, of necessity, the forging of the check and the uttering of the check did not occur "at the same time." However, in that case the court reaffirmed the following proposition of law as applicable:

> "It is true that the pleading of separate and distinct offenses, created by separate and distinct acts of the statute, or by separate statute, is forbidden, but where, as here, a criminal statute enumerates several acts disjunctively, and provides the same punishment for doing any one or all of said acts, then two or more of said acts may be charged conjunctively in a single count without objection for duplicity."

We therefore construe the law to be that if the forbidden acts may otherwise be joined in a single count it is not necessary that they occur simultaneously, but is sufficient that they occur in the ordinary course of the transaction, to which the several forbidden acts enumerated are related to each other.

We conclude, therefore, that the separate acts of soliciting payment of a bribe, the acceptance of the promise of a bribe and the subsequent payment of such bribe, as contemplated by the accused, were transactions consummated within the time contemplated by the character of the transaction involved and that it was therefore proper to join the charge of such acts in single counts. For this reason the indictment was valid as against the motion to quash.

Second, appellant urges that the court erred in refusing the defendant's application for a change of venue from the county, filed November 5, 1958. The appellant had filed an affidavit of local prejudice for a change of venue from the county, supported by some 13 affidavits. The State thereafter filed some 23 counter-affidavits. The trial court then denied the change of venue on November 7, 1958.

Acts of 1905, ch. 169, §207, p. 584 [being §9-1305, Burns' 1956 Repl.], states:

"When affidavits for a change of venue are founded upon excitement or prejudice in the county against the defendant, the court, in all cases not punishable by death, *may, in its discretion,* and in all cases punishable by death, shall grant a change of venue to the most convenient county . . ." (Our emphasis.)

Thus, the denial of a change of venue from the county is a determination of an issue of fact, and is conclusive upon review, except for an abuse of discrecretion by the court. *State ex rel. Allison* v. *Crim. Ct. of Mar. Co., etc.* (1958), 238 Ind. 190, 149 N. E. 2d 114; *Liese* v. *State* (1954), 233 Ind. 250, 118 N. E. 2d 731; *Jackson* v. *State* (1953), 232

Ind. 453, 112 N. E. 2d 433; *Butler* v. *State* (1951), 229 Ind. 241, 97 N. E. 2d 492.

The affidavits filed by appellant in support of the change are rebutted in this case by the counter-affidavits opposing the change. Under the circumstances here presented we cannot say as a matter of law that the court abused its discretion by its denial of the motion for change of venue.

Third: Appellant urges as error the court's overruling of appellant's motion for a continuance. However, the motion for a continuance was not contained in the transcript. Because there is a record of the court's denial thereof predicated upon the insufficiency of the motion and its supporting affidavits, appellant argues that this record should suffice. Since the motion upon which the action of the court is based is not set forth in the transcript, the question of whether there was an abuse of discretion in the court's ruling cannot be reviewed. Rule 2-6. *Beecher* v. *City of Terre Haute, et al.* (1956), 235 Ind. 180, 132 N. E. 2d 141; Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, §2332, ch. 46, p. 116.

Fourth: Appellant argues that the verdict of the jury is not sustained by sufficient evidence. The evidence in support of the conviction is as follows. Witness Mogilner testified that he and appellant entered into "more or less a partnership agreement" regarding the purchase of machinery by the State Highway Department. Pursuant to this agreement, Mogilner testified he would connect himself with various machinery manufacturers and Smith (as Chairman of the State Highway Department) would be in a position to let him know what the state needed in the way of purchases; that Smith could assist Mogilner in getting his particular bids for the firms he represented and that Smith would see that

the bids would be accepted according to the stated specifications. Mogilner further testified that under this agreement appellant would receive one-third of Mogilner's commissions for all sales negotiated by him to the State Highway Department.

Specifically, as Mogilner testified, his arrangement existed with respect to 36 Speed Swing Front-End Loaders to be purchased by the State Highway Department from Pettibone-Mulliken. Mogilner also testified that he paid appellant Smith, alias V. Wilson, $7,793.33, which represented his one-third commission from the Pettibone-Mulliken Company products. A cancelled check and voucher are in evidence, supporting the fact of such payment. The evidence was ample to sustain the conviction.

Fifth; appellant argues that the verdict is contrary to law for the reason that the evidence presented materially varies from the charges contained in the indictment. He asserts that this variance exists both as to the *date* and *nature* of the bribe allegedly solicited in Count One, and the promise to accept the bribe, as alleged in Count Two.

First, we will consider the variance as to the date of the alleged acts. The indictment in Count One charges that appellant solicited payment "on or about the 6th day of September, A. D. 1956," and Count Two charges that appellant accepted a promise for payment "on or about the 6th day of September, A. D. 1956." Appellant asserts, however, that the only evidence regarding such conversations are that they occurred during July and August of 1955. Witness Mogilner testified that he and appellant discussed the particular transaction two or three times a week immediately prior to September 6, 1956. He further testified that he discussed pay-

ment with appellant many times prior to September 6, 1956, as follows:

"Q Now, with reference to the sale of Pettibone-Mulliken Front End Shovels, did you talk with Mr. Smith about any money that would come to him out of your commissions?

A We discussed, *at all times*, what our earnings would be on the various sales to the State of Indiana. (Our emphasis.)

Q My question was with particular reference to the Pettibone-Mulliken Shovels?

A Yes sir, we did.

Q Do you know what that time was, with reference to September 6, 1956?

. . .

A This conversation *also* took place in the latter part of July or first part of August, 1955, . . ." (Our emphasis.)

From this testimony it can be inferred that the conversations between Mogilner and the appellant regarding their general agreement had been made as early as the latter part of July, 1955, and continued through September 6, 1956, on which date the Commission met and accepted bids for the purchase of the specific equipment.

In any event, the general rule relating to variance between the date of an alleged offense and the proof of the actual event has been stated as follows:

". . . first, . . . the offense must be proved to have been committed prior to the finding of the indictment, and second, that the offense must be proved to have been committed within the time specified by the statute of limitations, and except where a special day is essential or where time is the essence of the offense, the time of the commission of the offense as averred in the indictment is not material, and the proof is not confined to the time charged." Wharton's Crim. Evidence, 11th Ed., §1039, pp. 1824-1826.

It has been held that variance as to the date of the commission of rape, larceny, and the sale of intoxicating liquor and maintenance of a nuisance, is not material so long as the offense occurred within the statutory period of limitations. *Daveros* v. *State* (1933), 204 Ind. 604, 185 N. E. 443; *Hutchinson* v. *State* (1878), 62 Ind. 556; *Bond* v. *State* (1927), 199 Ind. 484, 158 N. E. 241. The general rule is, however, subject to further limitations, as hereinafter discussed.

Secondly, appellant asserts that there was a fatal variance in that the indictment charged the solicitation and the promise to accept a bribe in the specific amount of $7,793.33, whereas, according to all the evidence, there was no fixed amount either solicited or promised, but merely an indefinite amount based upon a fraction of Mogilner's commission, which was, at that time of the solicitation or promise to accept, undeterminable.

Appellant's position is not sustained by the evidence. The sum of $7,793.33 was paid, based upon the particular transaction, and, although there was no fixed amount agreed upon with respect to Pettibone-Mulliken purchases at the time appellant and Mogilner first entered into their "partnership agreement," as above recited, the evidence is that they "discussed at all times" what their earnings would be on the various sales to the State of Indiana, and that in July and August, 1956, they "discussed how much the earnings for each would amount to and when the money would be available to purchase the equipment." Based upon this testimony, the inference is that when these discussions were had appellant knew what the amount of the payoff to him would be, and, if he did not know the specific amount, he had the information from which he could readily determine the amount by simple calculation. The variance, if any, was not consequential.

The concurring opinion in the case of *Madison* v. *State* (1955), 234 Ind. 517, 545, 130 N. E. 2d 35 (which is the majority of the Court), contains an extensive discussion as to what constituted a material variance. It is stated that:

"... the test is, (1) was the defendant misled by the variance in the evidence from allegations and specifications in the charge in the preparation and maintenance of his defense, and was he harmed or prejudiced thereby? (2) will the defendant be protected in the future criminal proceeding covering the same event, facts, and evidence against double jeopardy? ..."

Under the facts here in evidence, we are unable to discern how the appellant could have been misled in the preparation of his defense because of the variance which he asserts. Neither could he be placed in double jeopardy for the same offense. Here the indictment in both counts charges bribery with respect to a certain number of specifically described units of equipment manufactured by a named corporation for which bids were accepted on the date recited in the indictment and for which appellant received payment of a definite sum.

Sixth: Appellant asserts that the giving of the following instruction was error for the same reason as that discussed immediately above. The instruction was as follows:

"Precise time of the commission of an offense need not be stated in the indictment, and it is sufficient if the offense is shown by the evidence to have been committed before the date of the indictment and within the Statute of Limitations, which is five (5) years in the case of each crime here charged, except where time is an indispensible ingredient of the offense, which is not the case in Bribery of Public Officer."

Under the facts here presented, where neither the specific time nor the physical circumstances under which the offense was committed were indispensible of the offense, the instruction was proper and the variance in time, if any, was immaterial since the alleged offense was stated as being within the statute of limitations. *Crickmore* v. *State* (1937), 213 Ind. 586, 12 N. E. 2d 266; *State* v. *Rust* (1846), 8 Blackf. 195.

Seventh: Appellant asserts that the court committed error by admitting the introduction of evidence pertaining to other similar transactions for which appellant also solicited and accepted payment. This issue is not properly presented for the reason that appellant's motion for new trial does not state the specific questions asked, the objections thereof or the answers on evidence admitted.

Eighth: Appellant asserts that the trial court committed error in that in overruling appellant's objection to the introduction of certain exhibits, and in response to the remarks of counsel for appellant to the effect that the court had not examined the exhibits, the court remarked that he had examined the exhibits at a previous trial. Appellant asserts that the court's remarks were prejudicial against the appellant in that they "influenced the minds of the jury by inferring that this appellant was tried by these same exhibits at another trial where he was not even a party." It is to be noted, however, that the court, in admitting the exhibits, did not voice either approval or disapproval of the evidence in question and, in explaining why he did not find it necessary to examine the exhibits, the judge merely stated that he had examined them at another (unidentified) trial. It is difficult to determine how the

court's statement could have been prejudicial against the appellant.

Furthermore, if appellant considered the jury prejudiced by the above statement and wished to reserve an issue as to the alleged error, appellant should have then and there asked the court to instruct the jury in a manner which would have removed the prejudicial effect of the statement. And if this instruction was insufficient appellant should have asked that the case be withdrawn from the jury.

If prejudicial conduct occurs during the course of a trial, the party who considers himself injured must seek to have the prejudice removed at the time. He cannot acquiesce to a continuance of the trial, take his chance on a favorable result, and then complain if the result is adverse to him. *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848; *American, etc. Tin Plate Co.* v. *Reason* (1915), 184 Ind. 125, 110 N. E. 660.

Judgment affirmed.

Jackson, C. J., not participating.

Arterburn, Bobbitt & Landis, JJ., concur.

NOTE.—Reported in 168 N. E. 2d 199.